[No. 8310.  Department Two.  March 28, 1910.]

NORTH COAST RAILROAD COMPANY, *Respondent*, v. JESSE GENTRY et al., *Appellants*.[1]

EMINENT DOMAIN—RIGHTS OF LESSEE—PLEADINGS—INTERVENTION. A lessee of property condemned, being entitled to separate damages, may intervene under Rem. & Bal. Code, § 202, providing therefor if any person has an interest in the subject-matter.

EMINENT DOMAIN—APPEAL—HARMLESS ERROR. In condemnation proceedings, the owner is not prejudiced by a stipulation before trial between the relator and an intervening lessee agreeing to the amount of damages to be awarded to the lessee by reason of his leasehold.

EVIDENCE—EXPERTS—COMPETENCY—LAND VALUES. Upon an issue as to the value of certain city real estate, the competency of a real

[1]Reported in 107 Pac. 1060.

estate broker is shown, and it is error to exclude his testimony, where it appears that he had been engaged in the real estate business in the city for 19 years, had bought and sold property for himself and others, and was acquainted with city real estate values, and based his knowledge partly upon recorded prices, including sales made by one of the parties, and of other sales in the vicinity known to him, and had appraised other property one block distant.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 26, 1909, upon the verdict of a jury awarding damages in a proceeding to condemn land for railroad purposes. Reversed.

*Merritt, Oswald & Merritt,* for appellants.

*Danson & Williams* and *Hamblen & Gilbert,* for respondent.

CROW, J.—Action by the North Coast Railroad Company, a public service corporation, against Jesse Gentry, Estella Gentry, his wife, and others, to condemn certain real estate in the city of Spokane. After the entry of an order adjudging a public use, the cause was called for trial before a jury for the assessment of damages, and an award was made in the sum of $85,000, upon which judgment of condemnation was entered. From the judgment awarding these damages, the defendants Gentry and wife have appealed. The appeal herein is separate and distinct from a subsequent appeal in the same action, which has this day been dismissed by this court in *North Coast R. Co. v. Gentry, ante* p. 80, 107 Pac. 1059.

The Kirkwood Distillery Company was, by order of court, permitted to intervene and plead a leasehold estate which it held, and damages which it would sustain. The appellants contend that the trial court erred in permitting the intervention and settlement, insisting that they were thereby prejudiced before the jury in the amount of their recovery. The record shows that, during the progress of the trial, a stipulation to which appellants were not parties, was made and announced, whereby a settlement was effected with the intervener, by fixing the amount of its damages and permitting it

to remain in possession until July 1, 1910. Appellants' damages were afterwards awarded by the jury.

A lessee of property sought to be condemned is entitled to compensation for the loss of, or injury to, his leasehold estate, and we see no reason why his separate damages may not be determined and fixed by stipulation with the petitioner in the condemnation proceeding, even though, in the absence of such stipulation, the total damages to the entire estate would otherwise be determined by the jury, and later apportioned to the various parties holding separate interests. The stipulation could not, and did not, prevent the appellants from having adequate compensation awarded them by the jury. We cannot understand how a settlement with the lessee could decrease the amount of damages to which they were justly and legally entitled. The action of the trial court in permitting intervention by the lessee and an adjustment of its damages by settlement could not in any manner affect or prejudice the appellants in their recovery. The intervention was authorized by Rem. & Bal. Code, § 202, which provides that, before trial, any person may intervene in an action or proceeding who has an interest in the matter in litigation. The lessee was certainly interested in the property sought to be condemned, and was properly permitted to intervene for the purpose of having its damages separately ascertained and awarded even by the stipulation, if it could do so.

Appellants offered one Walker Bean, a real estate dealer and broker of Spokane, as an expert witness to testify to the value of the property sought to be taken. Mr. Bean was examined and cross-examined at considerable length as to his competency, with the result that, on the motion of the respondent, his evidence was stricken and withdrawn from the consideration of the jury. His testimony on the issue of his competency is too lengthy to be here quoted. It, in substance, disclosed that he had been in the real estate business in Spokane for a period of nineteen years; that he had

handled, bought, and sold business properties both as agent for others and also as owner and proprietor for himself; that he was acquainted with the values of real estate; that he knew the lots involved in this action, and that he was acquainted with their fair and reasonable market value. Upon cross-examination he, in substance, stated the source of his knowledge as to the values of property in the particular locality here involved; that it was in part based on recorded prices of sales and purchases, including certain sales made to the respondent; that he had kept track of such sales; that he had himself been called upon to appraise other business property, one block distant, not upon a sale, but upon a revaluation; that he knew of other sales in the neighborhood; that he based his opinion partially upon sales made to the respondent railway company and also upon other sales about one block distant.

The respondent's contention was that the witness based his knowledge solely upon sales made to it, without regard to other sales in the same locality, and that he was not competent to testify as an expert. This contention is not sustained by the record. From the entire testimony of this witness we conclude that he was competent, and that his evidence should have been admitted. The facts disclosed upon his cross-examination could have been submitted to the jury for their consideration, in passing upon the weight of his evidence, but his competency was clearly shown. The trial court having committed prejudicial error in rejecting his evidence, the judgment is, by reason thereof, reversed, and the cause is remanded for a new trial.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.