[No. 22131. Department One. October 19, 1929.]

THE CITY OF TACOMA, *Respondent,* v. H. J. NYMAN *et al., Defendants,* LORIN E. IMLAY *et al., Appellants,* C. L. SHAW *et al., Respondents-Interveners.*[1]

[1]Reported in 281 Pac. 484.

*Earl V. Clifford,* for appellants.

*Guy E. Kelly* and *Thomas MacMahon,* for respondents.

TOLMAN, J.—This is a condemnation proceeding instituted by the city of Tacoma to condemn certain lands for street purposes. Appellants were made defendants as the record owners of certain described lands sought to be taken, and the cause proceeded to trial before the court sitting without a jury, a jury having been waived; findings and conclusions were made and a final judgment was entered thereon, in which judgment appellants were adjudicated to be the record owners of the described parcel of land sought to be taken and were given a judgment against the city for $1,250, with the condition that all of their right and title should pass to the city upon payment of the award. The city paid the award into court, but before the money was drawn down by the appellants, respondents appeared and, by leave of court, filed a petition in intervention, setting up title to the land taken, or a part thereof, in themselves, by adverse possession, and praying that the award of $1,250, or so much thereof as might seem just, be paid to them.

Appellants demurred to the petition as being untimely, in that it was filed after trial and judgment in

the original proceeding, but the demurrer was overruled. They answered the petition with appropriate denials, and affirmatively set out facts upon which they based their prayer for such modification of the original findings and judgment as would permit the court to inquire fully into the controversy and do exact justice between themselves and the interveners. A trial was had on these issues, evidence was taken, and the trial court, by its decree, established title by adverse possession in interveners to a part of the land taken, and awarded them the sum of $728.50 and costs out of the $1,250 paid into court by the city for the appellants. The appeal is from this decree.

■ It very clearly appears from the record that, if respondents had intervened before trial in the original proceeding as contemplated by the general statute on intervention, Rem. Comp. Stat., § 202, the present complications would never have arisen; but there is no ground for the application of the doctrine of equitable estoppel, because everybody, including the city, knew enough of the real facts to put them on notice; and while, perhaps, appellants were not aware that respondents' possession had ripened into title, yet they were bound by the facts known to anticipate such a claim.

Respondents contend that Rem. Comp. Stat., § 9225, is designed to meet such a situation. This is § 11 of chapter 153, Laws of 1907, p. 319, entitled:

"An Act to enable cities of the first, second, and third class and having a population of over fifteen hundred inhabitants to exercise the right of eminent domain for the taking and damaging of land and property for public purposes, providing a method for making compensation therefor, and providing for special assessments in certain cases upon property benefited."

The section applicable reads:

"If the land and buildings belong to different parties, or if the title to the property be divided into different interests by lease or otherwise, the damages done to each of such interests may be separately found by the jury on the request of any party. In making such findings, the jury shall first find and set forth in their verdict the total amount of the damage to said land and buildings and all premises therein, estimating the same as an entire estate and as if the same were the sole property of one owner in fee simple; and they shall then apportion the damages so found among the several parties entitled to the same, in proportion to their several interests and claims and the damages sustained by them respectively, and set forth such apportionment in their verdict. No delay in ascertaining the amount of compensation shall be occasioned by any doubt or contest which may arise as to the ownership of the property, or any part thereof, or as to the extent of the interest of any defendant in the property to be taken or damaged, but in such case, the jury shall ascertain the entire compensation or damage that should be paid for the property and the entire interests of all the parties therein, and the court may thereafter require adverse claimants to interplead, so as to fully determine their rights and interests in the compensation so ascertained. And the court may make such order as may be necessary in regard to the deposit or payment of such compensation."

This statutory provision seems at least to confer power upon the trial court to exercise its discretion as to when and under what conditions intervention will be required or permitted, and the court here having exercised its discretion by permitting the intervention, we are not now prepared to say that, by so doing, he abused his discretion, provided that the means offered opened the way for doing justice between the contending parties.

The petition in intervention asks for what is,

in effect, the modification of the original judgment and the findings upon which it is based, in that it disputes the correctness of the adjudication that appellants "do have and recover from the city of Tacoma in the manner provided by law the sum of $1,250," and asks, notwithstanding that solemn adjudication, that the award or part of it be taken from the appellants and set over to them.

Appellant, to meet this situation, pleaded *in extenso* by its affirmative answer to the petition, among other things, the following:

"That the findings of fact, conclusions of law and judgment herein allow said defendants $1,250 for the value of land taken and nothing for damage to remaining land not taken by reason of severance; that testimony in regard to damage of said defendants was all to the effect that the value of the land taken from said defendants was small and that the damage to the remaining land not taken by reason of severance constituted the large majority of the compensation to which said defendants were entitled; that said defendants knew what the city's witness would testify as to damage and the same was satisfactory to said defendants and neither they nor anyone else submitted any contrary proof or testimony at the trial; that, thereafter, the city, without any notice whatever to said defendants, caused the entry of findings of fact, conclusions of law and judgment as stated above, and said defendants had no notice thereof until the commencement of the petitioners' proceedings; that there was irregularity in obtaining the said findings of fact, conclusions of law and judgment, that in obtaining the said findings of fact, conclusions of law and judgment as entered the city practiced a fraud upon said defendants, that there was irregularity in the proceedings of the court and adverse party (the plaintiff) by which said defendants were prevented from having a fair trial, that there was misconduct of the prevailing party (the plaintiff), that there was error in the assessment of the amount of recovery for the injury of

property, that there was insufficiency of evidence to justify the findings of fact, conclusions of law and judgment, and that they are against the law.''

And their prayer was that the petitioners be held to be bound by the ownership and awards as adjudicated in the original judgment, that they be held to be estopped from asking the relief sought and held guilty of laches preventing any recovery, and

''If the foregoing prayers be not granted, that the findings of fact, conclusions of law and judgment entered herein, under which said defendants were given $1,250 for value of land taken, be vacated and set aside and a determination had of the true state of facts as to the value of land taken and damage to remaining land not taken by reason of severance and proper findings of fact, conclusions of law and judgment entered, embodying such determination, and said petitioners confined to a share of the amount fixed for the value of the land taken.''

That a direct attack on a judgment may be by cross-complaint or answer is well settled. *Rennebohm v. Rennebohm*, 153 Wash. 102, 279 Pac. 402, and cases there cited.

The city did not contest any of these matters set up in the affirmative answer, and the proof submitted, as shown by the record here, seems to establish them beyond question. The trial court, however, appears to have been of the opinion that he was bound by the original findings to the effect that the $1,250 award was made as compensation for the property taken. In delivering his opinion, he said:

''This judgment here says that this award of $1,250 is for the value of the land taken, and there are blanks here for damage to the remaining land not taken by reason of the severance. Now, I feel that the court will have to follow that judgment. I do not believe that the court can go back of that and find just what

was really talked about and considered. This judgment of the court says that it is the value of the land taken, and I have no right to modify that in this proceeding is the view I take of it.''

As we have already pointed out, in order to entertain the petition in intervention, the court had to go back of the original judgment making the award to the appellants, and having gone back of the judgment for that purpose, he could and should, in view of the allegations of the affirmative answer and the proof in support of it, have vacated and set aside so much of the original findings and judgment as interfered with doing exact justice between the parties.

 A careful examination of the record convinces us that appellants cannot now question the findings as to adverse title in the respondents because of a lack of any exceptions to those findings.

 The city's appraiser, whose testimony was accepted at the original trial without contest or dispute, and who there testified that the amount of $1,250 fixed by him included both the value of the land taken and damages to the remainder, testified, upon the hearing of this issue, that his estimate of $1,250 damages, which was the sole basis for the original findings and judgment, included only $150 to $175 for the land taken, nothing for the garage claimed by the respondents situated in part thereon, and that the balance was for damages to the remainder of appellants' property, including readjustment of the buildings to the new street and grade.

Since respondents might have contested these figures, had they intervened before trial, without thereby taking from appellants anything due them as damages to the remainder of their property not taken, they ought not now to be permitted to question them to the detriment of the appellants.

■ Where, as here, a new party, who might have intervened before trial, comes in after judgment seeking to establish an interest in the award, he ought not to be permitted to put the record owner in a worse position than he would have occupied if the general statute on intervention had been complied with, and also, when, as here, it appears that the findings and judgment were made and entered without notice to the record owner, and that they failed to follow the evidence and do not speak the truth to the detriment of the party complaining, their entry should be held to be constructively fraudulent, and on proper application, they should be set aside or modified. We conclude that the trial court should have divided the sum of $175, as the amount paid for the land taken, between the parties hereto according to the area of ownership established in each.

Reversed with instructions to enter a judgment in accord with the views herein expressed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.