[No. 23719. Department Two. June 14, 1932.]

THE STATE OF WASHINGTON, *on the Relation of W. D. Resburg et al., Plaintiff,* v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents.*[1]

*Fred Kemp,* for relators.

*C. B. Connor,* for respondents.

HOLCOMB, J.—This matter is before us upon an application, in form, for a writ of mandate directing the superior court for Chelan county to permit intervention by relators in a cause now pending in that county,

[1] Reported in 12 P. (2d) 420.

and for "such other and further relief as they may be entitled to."

Robert Braunwart, as executor of the estates of Solomon S. Tetherow and wife, brought suit against George W. Brown et al., as defendants, in a cause numbered 10160, now pending in the Chelan county superior court. In that case, the plaintiff Braunwart alleged that the Tetherows, during their lifetime, were the owners and in possession of a certain tract of real estate, which for convenience will be referred to as a certain 105-foot tract. The plaintiff also alleged that the defendants Brown claim some interest in the property, and prayed to have title quieted in himself on behalf of the Tetherow estate against the claim of defendants Brown.

In their amended answer and cross-complaint, on which issue was joined in the cause, defendants Brown denied all claim of ownership or any right of possession as to the particular 105-foot tract, but set up in their cross-complaint that they are the owners of a 60-foot tract next adjoining on the west, and further alleged that plaintiff Braunwart wrongfully claims that the description covering his 105-foot tract laps over and includes the 60-foot parcel, or a portion of it, and that, to that extent, the plaintiff is asserting some right or claim to defendants' 60-foot tract.

After the issues were thus made between plaintiff Braunwart and defendants Brown, relators presented their claim in intervention, in which they alleged that they are the children of William H. Resburg and wife, and that, while living, their parents had owned and were in possession of the identical 105-foot tract which the plaintiff described in his complaint, and to which he seeks to have his title quieted. Relators also alleged that, at all times since the death of their parents,

they, as heirs at law, have been in common the owners and in possession of the 105-foot tract, and that they and their parents have, in fact, for many years paid the taxes on such tract. Relators sought to intervene in the pending cause, claiming not only an interest in the particular matter in litigation, but in fact claiming the property which the plaintiff there claims.

Relators cite Rem. Comp. Stat., § 202, which provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by a complaint setting forth the grounds upon which the intervention rests, filed by leave of the court or judge on the *ex parte* motion of the party desiring to intervene."

On February 27, 1932, relators made a motion in the superior court for leave to intervene, which motion was denied in an order entered in the case of Robert Braunwart et al. v. George W. Brown et al.

While there is much discussion by counsel for the parties as to whether a writ of mandate is the proper remedy in such case as that here presented, and to the general effect that mandamus will not, as a general rule, issue to review an exercise of judicial discretion (38 C. J. 606; *In re Clerf,* 55 Wash. 465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh,* 99 Wash. 553, 169 Pac. 990, and *State ex rel. Luketa v. Jurey,* 108 Wash. 44, 182 Pac. 932), the exact form of the writ demanded is not of great importance when

there is a sufficient showing on the part of a relator for some extraordinary relief in the premises.

We have, on our own motion, disregarded the form of writ prayed for and granted that to which a relator was entitled upon a sufficient showing, in *State ex rel. Crockett v. Sutton,* 159 Wash. 307, 293 Pac. 469, and upon reviewing the proceedings of the lower court, reversed its order.

We, therefore, will consider this as a petition for a writ of review, or *certiorari,* and so dispose of it, as in *State ex rel. Williams v. Superior Court,* 91 Wash. 40, 157 Pac. 28.

Although we are generally reluctant to disturb the exercise of discretion by the trial court, the statute heretofore quoted was intended to give parties claiming an interest in the subject matter of the litigation a right to intervene in a pending cause and have all rights therein determined. This is in the interest of avoiding a multiplicity of actions, and to bring about one final judgment for the settlement of all claims in and to the subject matter.

It is clear that the showing made by relators to the court below, if proven, is such that they would rightfully prevail over the plaintiff in that action, and that they come within the principles approved and announced as to the interest of "direct and immediate character," to entitle one to intervene, in the *Williams* case, *supra.* To show the liberality with which the right to intervene is allowed, the trial court in *Tacoma v. Nyman,* 154 Wash. 154, 281 Pac. 484, granted the right to intervene against a demurrer to the petition, after a trial and judgment in the original action. We sustained the procedure in that case, although we reversed the trial court upon its findings, conclusions and judgment.

We conclude that, under the statute above quoted,

upon the showing made by relators to the court below, they should have been granted the right to intervene in that action and prove, if able, that their title to the real estate in controversy is superior to that of the other parties to the action.

The order of the trial court is therefore reversed, and the cause remanded with instruction to grant the petition of relators for leave to intervene.

MILLARD, MAIN, BEALS, and HERMAN, JJ., concur.