[No. 25059. Department One. July 24, 1934.]

THE STATE OF WASHINGTON, *Plaintiff*, v. W. F. ROFF et al., *Appellants*, E. C. LLOYD, *Respondent*.[1]

*John C. Hurspool,* for appellants.
*Thomas & Toner,* for respondent.

MITCHELL, J.—The state foreclosed a lien for rent upon certain wheat grown by a tenant on lands leased by the state, and bought the wheat at sheriff's sale for the amount of its judgment and costs. Thereafter, the state resold the wheat, receiving therefor more than it cost at sheriff's sale.

[1] Reported in 34 P. (2d) 899.

E. C. Lloyd, who had held a chattel mortgage on the wheat, sued the state in debt, alleging that the state had agreed to pay him an amount equal to the excess, if any, the state received upon a resale of the wheat over and above what it cost at sheriff's sale, together with interest and expenses, in which amount judgment was demanded against the state.

W. F. Roff and A. A. Roff, upon an *ex parte* application and with leave of court, filed a petition in intervention voluntarily denying the agreement set up in Lloyd's complaint against the state, further alleging that Lloyd had cancelled a chattel mortgage formerly held by him on the wheat, and further setting up an alleged agreement between the state and interveners whereby the state agreed to pay them any surplus it might receive on a resale of the wheat over and above what it cost the state. The court granted a motion of E. C. Lloyd to strike the allegation of the petition in intervention with respect to the contract between the interveners and the state, and also the allegation that Lloyd had cancelled a chattel mortgage formerly held by him on the wheat.

Thereafter, by leave of court, upon the *ex parte* application of interveners, they made and filed a further petition in intervention, which, for the purposes of this appeal, may be treated as essentially the same as their former petition in intervention. It does not appear that the petitions in intervention were served on the state, or that the state was called upon or made any answer thereto.

Upon the trial between Lloyd and the state, the issues between them were disposed of upon testimony introduced, and four months later, upon a trial on the last amended petition in intervention, the claim of the interveners was disposed of by granting Lloyd's motion for judgment on the pleadings against them, as

shown by findings of fact essentially the same as the allegations of Lloyd's complaint against the state and the finding as to the claim of the interveners "that the interveners W. F. Roff and A. A. Roff are not interested in any way in said agreement." The conclusions of law were

". . . that the interveners' petition should be dismissed, and that petitioner, E. C. Lloyd, is entitled to judgment in the said sum of $746.76 against the state of Washington."

The interveners have appealed from the judgment on the findings and conclusions.

The assignments that error was committed in striking portions of the petition in intervention, in granting the motion for judgment on the pleadings against the interveners, in entering judgment for Lloyd against the state, and in entering judgment against the interveners, may all be considered together.

Citing Rem. Rev. Stat., § 202, on the subject of intervention, appellants say "that the question on the appeal is whether the appellants were, under the facts alleged and the law applicable thereto, entitled to intervene in this proceeding." As a matter of fact, upon their *ex parte* application, they were allowed to, and did, intervene, and were present at the trial; so that the real question is: Were they, upon the pleadings, entitled to any relief in this action which was brought by Lloyd on an express contract made by the state to pay him a sum of money?

The conclusion and judgment dismissing interveners' petition followed upon the court's construction of the pleadings, expressed in the form of a finding that interveners "are not interested in any way in said agreement," meaning, of course, the express agreement made by the state to pay Lloyd a sum of money, as alleged in his cause of action.

If the state promised to pay the interveners a sum of money from whatever source, they may sue to recover, but that does not give them any right, by way of intervention, to prevent or attempt to prevent another party from collecting, on the state's express contract to pay money to such other party.

The sum and substance of our statute on intervention is defined in *State ex rel. Williams v. Superior Court,* 91 Wash. 40, 157 Pac. 28, as follows:

"The rule being that the interest mentioned in the statute which entitles a person to intervene in a suit between other parties must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment, it remains to inquire whether the intervener here is within the rule."

Applied to the present case, how can the interveners gain or lose if Lloyd recovers what he alleges the state promised to pay him? Appellants appear to claim that Lloyd sued to recover a fund held in trust by the state over which there was a dispute. Lloyd makes no such allegation in his complaint, and the state makes no such defense. The theory of Lloyd's complaint is that the state promised to pay him, not from or by any particular source or means, but generally, although the *amount* was to be fixed by the difference between the purchase and resale price of the wheat. Judgment to that effect has been recovered by Lloyd against the state, and the state is in no way complaining of it.

Here, the original and only necessary parties to the suit were Lloyd and the state, in which he sought to recover on contract, and, so far as interveners are concerned, the situation is similar in principle to that of the intervener in the case of *State ex rel. Williams v. Superior Court, supra,* wherein it was said:

"The intervener will neither suffer loss nor gain by the direct legal operation and effect of whatever the judgment may be in the action between the original parties. If the plaintiff lose in that action, the intervener still has a right to sue the plaintiffs upon his contract. If the plaintiff prevail in that action, the intervener's rights upon his claim against the plaintiff are not affected. His rights are upon a contract with the plaintiff alone. He has no rights growing out of any contract with the defendants; there is no contractual relation between him and the defendants."

We do not understand that the present judgment has, or was intended to have, the effect of foreclosing a right of action, if any there be, on the part of interveners against the state. That must be litigated, if at all, in their own action, not in this one.

Judgment affirmed.

BEALS, C. J., MAIN, STEINERT, and TOLMAN, JJ., concur.