[No. 26107.   Department One.   August 21, 1936.]

DENNY B. HUTTEBALL *et al., Respondents,* v. O. B.
MONTGOMERY, *Defendant,* O. B. MONTGOMERY,
*as Administrator, Appellant.*[1]

*McMullen & Snider* (*Milton R. Klepper,* of counsel),
for appellant.

*Hall & Schaefer,* for respondents.

GERAGHTY, J.—This appeal is from an order dis-
missing a complaint in intervention. The principal
action was instituted by the plaintiffs to recover for
personal injuries and property damage sustained in a

[1]Reported in 60 P. (2d) 80.

collision occurring between an automobile driven by the plaintiff Denny B. Hutteball and one driven by the defendant, O. B. Montgomery. The collision occurred on a highway in the state of Utah. Following the collision, both cars took fire and were wholly consumed. Ruth L. Montgomery, wife of O. B. Montgomery, lost her life in the accident.

Subsequent to the accident and death of his wife, the defendant, O. B. Montgomery, removed to the state of Washington, taking up his residence in Clark county.

After the institution of this suit by the plaintiffs, residents of California, the defendant was appointed administrator of his wife's estate and, as such administrator, by leave of court had upon *ex parte* application, filed a complaint in intervention, seeking recovery of damages from the plaintiffs for the wrongful death of his wife. The plaintiffs interposed a motion to strike the complaint in intervention and, at the same time, served notice upon the attorneys for the defendant of their intention to have the principal case set for trial. No disposition was made of the motion to dismiss the complaint in intervention until after the case was called for trial, when, the attorneys for the plaintiffs having called the motion to the court's attention, the order was entered dismissing the intervener's complaint, from which he appeals.

The appellant assigns as error the granting of the respondents' motion to strike the administrator's complaint in intervention and in denying him the right to intervene and protect the interest of the estate in the action brought by the respondents.

■ Rem. Rev. Stat., § 202 [P. C. § 8280], reads in part:

"Any person may, before trial, intervene in an action or proceeding, who has an interest in the matter

in litigation, in the success of either party, or an interest against both. . . ."

It has been said that the interest mentioned in the statute, entitling a person to intervene in a suit between other parties, must be of such a direct and immediate character that the intervener will either gain or lose by the direct operation and effect of the judgment. *Westland Pub. Co. v. Royal,* 36 Wash. 399, 419, 78 Pac. 1096; *Hindman v. Colvin,* 47 Wash. 382, 92 Pac. 139; *Coffman v. Spokane Chronicle Pub. Co.,* 65 Wash. 1, 117 Pac. 596, Ann. Cas. 1913B, 636; *State ex rel. Williams v. Superior Court,* 91 Wash. 40, 157 Pac. 28; *State v. Roff,* 178 Wash. 311, 34 P. (2d) 899. The question here to be determined is whether the intervention sought is within this rule.

The respondents' action was against O. B. Montgomery, individually. No claim was made against the estate of Ruth L. Montgomery. It is inferable from the record that the husband's appointment as administrator of the wife's estate was had for the purpose of enforcing a claim against the respondents on behalf of the husband for the wrongful death of the wife, under the provisions of Rem. Rev. Stat., § 183-1 [P. C. § 8260]. That the deceased wife's personal representative had a right of action under this section, is, of course, admitted, but the respondents contend that this right is separate from, and in no way involved in, the issues in the principal suit.

The estate of Ruth L. Montgomery stood neither to lose nor gain by the direct operation of whatever judgment might be had in the principal case. It is true, of course, that O. B. Montgomery, individually, stood to gain or lose by the judgment, but his intervention in a representative capacity was not necessary to, and could in no way strengthen, his defense in the action.

■ Looking through form, it is manifest that what was sought, in effect, was the institution of an independent action for recovery under Rem. Rev. Stat., § 183-1 [P. C. §8260], against the respondents, nonresidents of the state, upon whom it would otherwise be difficult to obtain service. This practical difficulty, however, does not warrant intervention. It is true that the administrator's claim arises out of the accident giving rise to the cause of action sued upon by the respondents, and, if separate actions had been brought, it would have been proper, on application of the parties, to have them consolidated for trial; but this would be a wholly different proceeding.

The appellant cites the cases of *North Coast R. Co. v. Gentry,* 58 Wash. 82, 107 Pac. 1060; *Tacoma v. Nyman,* 154 Wash. 154, 281 Pac. 484; *State ex rel. Resburg v. Superior Court,* 168 Wash. 384, 12 P. (2d) 420; and *Ross v. Jones,* 174 Wash. 205, 24 P. (2d) 622, in support of his contention that his right to intervention should have been sustained. An examination of these cases will show that, in each one, the intervener had an interest in the subject matter of the litigation.

■ Appellant cites Rule II of the Rules of Practice, adopted by this court and appearing in 159 Wash. lvii, reading:

"(1) All persons may be joined in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions, is alleged to exist, whether jointly, severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise; Provided, that if, upon the application of any party, it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be

given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled.'' Rem. Rev. Stat., § 308-2 [P. C. § 8676-5].

It is apparent that this rule has relation to the proper parties to an action, rather than to intervention. This is evidenced by the provision that the court may order separate trials where deemed expedient. The express purpose of intervention is to enable the intervener to participate in the principal action, and it is not conceivable how the intervener's rights in that action could be tried separately and apart from the claims of the original parties. A separate trial of an intervener's claim would be the reverse of the proper function of intervention.

We think the trial court properly dismissed the complaint in intervention, and the order dismissing it is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and STEINERT, JJ., concur.