[No. 33507. *En Banc.* June 28, 1956.]

Moses Lake Homes, Inc., *Respondent*, v. Grant County et al., *Appellants*.[1]

*Paul A. Klasen, Jr.*, and *Felix & Abel*, for appellants Grant County *et al.*

*The Attorney General* and *W. Delmore McDowell, Assistant*, for appellant state of Washington.

*Lycette, Diamond & Sylvester* and *Earle W. Zinn*, for respondent.

[1]Reported in 299 P. (2d) 840.

DONWORTH, J.—This case comes before us on two separate appeals—one by Grant county and its county assessor, and the other by the state of Washington.

On May 31, 1950, respondent, as lessee, entered into a lease with the secretary of the air force, representing the United States, as lessor, pursuant to which respondent constructed four hundred housing units on Larson air force base, in Grant county. Since the completion of the construction of this rental housing project, respondent has been operating it as such as provided in the lease. The congressional authority for making such leases is found in the military leasing act of 1947, and the Wherry military housing act of 1949 (which added Title VIII to the national housing act).

The question presented by the appeal of Grant county is whether it may levy and collect an *ad valorem* tax on the buildings located on the leased premises (and equipment placed therein), based on the assessed value thereof as determined by the county assessor on the theory that respondent is *the owner* thereof.

Respondent contends that such a tax may be levied only on *its leasehold interest* in buildings and not as though it were the owner of them.

We shall first consider the appeal of the state of Washington from the order refusing it leave to intervene.

The state, in its brief, sets forth the same nine assignments of error relied upon by appellants, Grant county and its assessor, and, in addition, two more assignments:

"10. The trial court erred in refusing the petition of the State of Washington to intervene in this action and refusing to grant it leave to file its Proposed Complaint in Intervention (Tr. 40).

"11. The trial court erred in making and entering its Order Refusing Leave to State of Washington to Intervene on the 29th day of June, 1955."

The state's petition in intervention, filed before the trial of the case, alleged as follows:

"That the plaintiff has filed its complaint herein seeking to permanently enjoin the defendants from proceeding with

the assessment and collection of ad valorem property taxes for the year 1954 upon plaintiff's housing project constructed and situated at Larson Air Force Base, near Moses Lake, Washington.

"The State of Washington is a party of interest in this action since it is directed by law (Chapter 175 [174], Laws of 1953) [cf. RCW 74.04.150] to levy a tax not to exceed two mills upon all taxable property within this state for its public assistance program and said levy pursuant to law can only be effected by and through ministerial acts and duties carried out by the county and certain of its officials which actions and duties, plaintiff by this action seeks to permanently enjoin."

Attached thereto was a complaint in intervention setting forth the state's interest in the litigation as follows:

"The intervenor is a party in interest in the above entitled action, and was and is at all times material hereto, one of the sovereign states of the United States of America and as such is empowered to maintain this action.

"Intervenor by this reference adopts in its entirety as its Complaint in Intervention the Amended Answer of the defendants together with the exhibits attached thereto all as though fully and expressly set forth herein. Plaintiff's reply to defendant's Amended Answer may be considered as its Reply to this Complaint in Intervention and intervenor waives necessity of further reply by all parties hereto to this Complaint in Intervention."

■ By statute (RCW 43.10.030), the attorney general is charged with the duty of appearing for and representing the state before the courts in all cases in which the state is interested.

■ In our opinion, the complaint in intervention alleged a substantial interest in the pending litigation by reason of the state's two mill tax. If the assessment made by the county assessor should be held invalid, the state would lose the proceeds of the two mill tax based thereon. The 1955 taxes involved in the action is the amount of money which a levy, based on the total millage, will produce on an assessed valuation of five hundred thousand dollars. The state's two mill tax, based upon this valuation, would be one thousand dollars for the year 1955.

RCW 4.08.190, relating to the right of intervention, provides:

"Before the trial, any person who has an interest in the matter in litigation, in the success of either party, or an interest against both, may intervene in an action or proceeding.

"An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant.

"Intervention is made by a complaint setting forth the grounds upon which the intervention rests, filed by leave of the court on the *ex parte* motion of the party desiring to intervene."

 Our cases on the subject of intervention hold that a party has a right to intervene in an action either where he has an interest in the matter in litigation, or has an interest in the success of either party thereto. *Cascade Tbr. Co. v. Northern Pac. R. Co.*, 28 Wn. (2d) 684, 184 P. (2d) 90; *State v. Inland Empire Refineries*, 3 Wn. (2d) 651, 101 P. (2d) 975; *State ex rel. Resburg v. Superior Court*, 168 Wash. 384, 12 P. (2d) 420; *Coffman v. Spokane Chronicle Publishing Co.*, 65 Wash. 1, 117 Pac. 596; *Muhlenberg v. Tacoma*, 25 Wash. 36, 64 Pac. 925.

The object sought by respondent in this action (as stated in the prayer of its complaint) was to obtain a permanent injunction against Grant county and its county assessor, directing that they

". . . be permanently restrained and enjoined from levying any tax against the plaintiff upon the said improvements erected by the said plaintiff upon the said leased lands for the year 1955, and further be permanently restrained and enjoined from making any assessment or levy against the plaintiff in the future upon said improvements erected by the said plaintiff upon the said leased lands; and that the plaintiff have and recover its costs and disbursements to be taxed of and from said defendants, together with such other and further relief as to the Court may seem just and equitable in the premises."

As above stated, if respondent is ultimately successful in this litigation, the state of Washington will lose one thousand dollars taxes for the year 1955, and presumably a similar sum for subsequent years. As the matter now stands, respondent has obtained a judgment in the trial court which directly affects the interests of the state in the manner indicated.

Respondent's argument in opposition to the state's contention is that its interests are already ably and vigorously protected by Grant county, and that the trial court did not abuse its discretion in denying the petition in intervention, citing 67 C. J. S. 989, Parties, § 59b.

We see no question regarding the exercise of discretion involved in this matter. Under the statutes and our decisions, the state had an interest in the subject matter in litigation, and consequently had a right to intervene in this action. It was reversible error for the trial court to deny its petition.

In view of the necessity of reversing the judgment on the appeal of the state of Washington, we cannot, in the absence of the state as a party, decide the merits of the controversy and, accordingly, express no opinion thereon.

Therefore, the judgment is reversed, and the cause remanded with directions to permit the state to intervene and to grant a new trial to all parties.

The state shall recover its costs from respondent on its appeal. As between Grant county and respondent, the matter of costs in this court shall abide the final outcome of the litigation.

HAMLEY, C. J., MALLERY, SCHWELLENBACH, HILL, FINLEY, WEAVER, and ROSELLINI, JJ., concur.

OTT, J., did not participate.