[No. 1643-1.    Division One—Panel 2.    January 8, 1973.]

THE CITY OF SEATTLE, *Respondent,* v. RICHARD BOCKMAN LAND CORPORATION, *Appellant.*

*Anthony Schwab,* for appellant.

*A. L. Newbould* and *Richard S. Oettinger,* for respondent.

JAMES, J.—The Richard Bockman Land Corporation was convicted at jury trial of violating a Seattle ordinance which requires floating homes to be connected to the city's

sewer system. The city presented uncontroverted evidence that four floating homes owned by Bockman were not connected.

Bockman first claims that the trial judge's instructions failed to place upon the city the burden of proving "each material element of fact beyond a reasonable doubt." Instruction No. 1 concludes with the following sentence: "The burden of proof is on the plaintiff to prove beyond a reasonable doubt that the defendant violated the applicable ordinance."

The instruction is inartfully drawn because it contains no earlier reference to the "applicable" ordinance. However, the ordinance which requires that floating homes be connected to the sewer is set forth in instruction No. 4. "When the instructions are read and considered as a whole," they place the proper burden of proof upon the city. *State v. Breckenridge,* 4 Wn. App. 328, 332, 481 P.2d 26 (1971).

Bockman next assigns error to the trial judge's refusal to give a requested instruction which told the jury to acquit if Bockman's homes were temporarily disconnected while a larger sewer line was being installed pursuant to a permit. At trial, counsel's only exception was that he thought the instruction was proper. A claimed error concerning an instruction will not be considered on appeal unless the trial court was adequately informed as to the basis of appellant's exception. *State v. Scott,* 77 Wn.2d 246, 461 P.2d 338 (1969).

As part of the same assignment of error, Bockman asserts that the trial judge should have dismissed the case "on theories of entrapment and unequal protection of the laws." We have considered this assignment and find it to be frivolous.

[3] Bockman next claims that the city failed to establish that it, Bockman, was the owner of the floating homes. The city housing inspector testified that he encountered Bockman's attorney at the floating home premises and that,

in response to his inquiry, the attorney stated that he was the attorney for Bockman and that Bockman owned the homes. Further, defendant's exhibit No. 3 (the permit to install a larger sewer line) is signed by "[Bockman's lawyer], attorney for corporation," and the "Richard Bockland [sic] Land Corp." is designated "owner" of the premises. The permit is dated prior to the date of the alleged violation of the ordinance.

> [A]n attorney employed without reference to pending litigation is but an agent, and . . . his authority to bind his principal by his admissions is not affected by the fact that he is an attorney at law, except in so far as that fact may reflect upon the apparent scope of the agency. If the admission is clearly within the scope of his agency, express or implied, he has the same authority to bind his client as any other agent.

*Brown v. Hebb,* 167 Md. 535, 547, 175 A. 602, 97 A.L.R. 366 (1934).

The testimony of the housing inspector and the permit constitute substantial evidence that Bockman's attorney was employed prior to the present litigation as a general corporation counsel for Bockman. The statement that Bockman owned the homes was clearly within the scope of his agency. The trial judge correctly ruled that the attorney's statement as to ownership was binding upon Bockman.

■ Bockman next assigns error to the denial of its motion to dismiss because the case was not brought to trial within 60 days after indictment as required by RCW 10.46.010, and for failure to prosecute with diligence. The trial date assigned in superior court exceeded the 60-day requirement by 8 days. Thirty-six days after receiving notice of the trial date, Bockman's attorney wrote a letter addressed to the calendar clerk in which he pointed out that the defendant was misnamed in the information and that the assigned trial date was in violation of the 60-day statute. His letter concluded with the following: "I apologize for any inconvenience this letter may cause but I request that the above matters be resolved." To be a valid

basis for a claim of error, a demand for a trial within 60 days as provided by RCW 10.46.010 must be *reasonably certain* and *explicit* and be formally directed to the *court* and not the calendar clerk. *State v. Rahn,* 1 Wn. App. 159, 459 P.2d 824 (1969). We consider Bockman's assertion that the city failed to prosecute with diligence to be frivolous.

Finally, Bockman submits that the trial judge erred in denying its motion to dismiss for insufficient evidence because the city "failed to plead and have instructed essential definitions of the Seattle City Ordinance 96821 of which defendant was charged with violating." Bockman contends the words "floating home," "floating home site," and "floating home moorage" are terms of art "not generally accorded a common meaning" and "[a]ny usage they have must be proven in a criminal prosecution based upon a set definition to the law alleged violated."

Instructions are intended to enable jurors to apply rules of law to the facts of the case. Whether words used in an instruction require definition is necessarily a matter of judgment to be exercised by the trial judge. Commonly understood words require no definition.

> The applicable rule is stated in 1 Reid's Branson Instructions to Juries (3d ed.) 169, § 55, as follows:
> "The court in the trial of a criminal case is required to define technical words and expressions, but not words and expressions which are of ordinary understanding and self-explanatory."

*State v. Lyskoski,* 47 Wn.2d 102, 111, 287 P.2d 114 (1955). The words "floating home," "floating home site," and "floating home moorage" are commonly understood and no further elaboration to the jury was necessary.

Affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied February 22, 1973.

Review denied by Supreme Court May 1, 1973.