[No. 9469–0–II.   Division Three.   July 8, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. BRADLEY A. YOUNG, *Appellant.*

*William S. McGonagle, Sherrard, McGonagle, Green & McKinstry, Charles K. Wiggins,* and *Edwards & Barbieri,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

GREEN, J.*—Bradley Young appeals his conviction of two counts of vehicular homicide. He contends the court erred by (1) refusing to admit prior instances of misconduct pur-

---

*This case was heard by a panel of Division Three judges sitting in Division Two.

suant to ER 404(a), (b) and ER 406, and (2) refusing a jury request to clarify a jury instruction. We reverse.

In the early morning hours of April 17, 1985, a pickup truck owned and driven by Mr. Young went out of control near Bremerton and left the road, injuring Mr. Young and killing the two passengers, Vince Setzer and Curt Pelham. As a result, Mr. Young was charged with two counts of vehicular homicide pursuant to RCW 46.61.520.

At trial Mr. Young testified that earlier that evening he had met a friend with whom he had two drinks. Afterward he encountered Mr. Setzer and Mr. Pelham at a Poulsbo tavern where they played pool. Mr. Young had two bottles of beer while at the tavern. At about midnight the three men left and drove to Bremerton. En route Mr. Young was stopped by a deputy sheriff and issued a citation for failing to come to a complete stop at an intersection. They then proceeded to a Bremerton tavern where the men each had one drink. Mr. Young and his friends ate breakfast at Denny's restaurant and at approximately 2:45 a.m. left to proceed home. Mr. Young testified that on the way home Mr. Setzer, who was seated next to him, reached over and grabbed the steering wheel. Mr. Young jerked it back, turning it to the left which headed them in the direction of the bank on the other side of the road. He stated he corrected it again, this time to the right, and applied his brakes as the truck traveled sideways. The truck hit the guardrail, became airborne, and landed on its side. Mr. Young blacked out twice before help arrived. He told the arriving officer that he had "messed up" because he had been driving and thought he was paralyzed, having no idea of the condition of his friends. In Mr. Young's opinion, he was not affected by the alcohol at the time of the accident. He made an offer of proof that three witnesses would testify Mr. Setzer, as a passenger, had on four prior occasions within the last year and a half grabbed the steering wheel away from the driver. One of the witnesses, a friend of Mr. Setzer, would testify that Mr. Setzer had grabbed the steering wheel of his vehicle twice in the 30 days prior to

the accident, almost putting them in the ditch on one occasion. The offer was rejected, the court finding the evidence, although relevant, was outweighed by a danger of prejudice, confusion of issues, and misleading the jury pursuant to ER 403.

The deputy sheriff who stopped Mr. Young earlier that evening for the traffic infraction testified he did not detect any visible signs of intoxication. A blood sample taken approximately 1 hour after the accident reflected an alcohol level of .11 grams percent blood alcohol. According to Mr. Young's expert, based upon the number of drinks Mr. Young testified he had consumed that evening, Mr. Young's blood alcohol should have been 0.

Both Mr. Young's and the State's accident reconstruction specialists testified as follows: The posted speed limit on the highway was 50 m.p.h. and the posted speed limit on or near where the truck began to swerve was 35 m.p.h. Both experts testified that there was no visible evidence of braking. The State's expert testified that although Mr. Young was traveling between 50 to 57 m.p.h. in the 35 m.p.h. zone, it was not excessive. Both experts agreed that section of the road could be negotiated at that speed. Mr. Young's expert testified it was his opinion the speed of the vehicle was not a proximate cause of the accident. In his opinion, the scuff marks left were consistent with a passenger grabbing the steering wheel, the driver pulling it back to the left, and then again to the right in an attempt to avoid striking the bank. The State's expert stated although Mr. Young's theory of what happened was possible, the evidence was more consistent with someone driving on the shoulder of the road and overreacting in an attempt to bring the vehicle back on the road.

During jury deliberations, two notes were sent to the judge requesting clarification. Mr. Young requested clarification of the second question, but the prosecutor objected. The court responded by telling the jury they must refer to the instructions. Mr. Young was convicted of both counts of vehicular homicide. After his motion for a new trial was

denied, this appeal followed.

First, Mr. Young contends the court erred in refusing to admit evidence that on prior occasions Mr. Setzer had interfered with other drivers' ability to control their vehicles. He argues the evidence was admissible under three theories: (1) evidence of prior acts to show proof of control, identity, absence of mistake and modus operandi under ER 404(b); (2) evidence of a pertinent trait of character under ER 404(a); and (3) evidence of habit under ER 406.

Generally, any circumstance is admissible which reasonably tends to establish the theory of the party offering it, to explain, qualify or disprove the testimony of his adversary. *Rothman v. North Am. Life & Cas. Co.,* 7 Wn. App. 453, 500 P.2d 1288, *review denied,* 81 Wn.2d 1008 (1972). The admission or refusal of evidence lies largely within the discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. *State v. Laureano,* 101 Wn.2d 745, 764, 682 P.2d 889 (1984). Evidentiary errors under ER 404 are not of constitutional magnitude, but are judged by the harmless error test. *State v. Jackson,* 102 Wn.2d 689, 695, 689 P.2d 76 (1984). The error is harmless if there is a reasonable probability that the outcome of the trial would not have been materially different had the error not occurred. *Jackson,* at 695.

Mr. Young first argues Mr. Setzer's prior acts of intentional interference with other drivers' control of their vehicles is admissible under ER 404(a)(2) to prove a chronic trait of recklessness. We disagree.

Generally, a person's prior conduct is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. ER 404(a); *Calbom v. Knudtzon,* 65 Wn.2d 157, 396 P.2d 148 (1964); *State v. Holmes,* 43 Wn. App. 397, 400, 717 P.2d 766, *review denied,* 106 Wn.2d 1003 (1986). It may, however, be admitted when it is relevant and material under ER 404(a)(2): "Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same . . ." Nevertheless, the admissibility of specific acts,

even if relevant, may be denied if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. ER 403; *State v. Tharp*, 96 Wn.2d 591, 597, 637 P.2d 961 (1981).

Evidence of a victim's character is relevant in cases where the defense to a charge of homicide is suicide, *State v. Brooks*, 16 Wn. App. 535, 557 P.2d 362 (1976), *review denied*, 88 Wn.2d 1012 (1977), or self-defense, *State v. Safford*, 24 Wn. App. 783, 604 P.2d 980 (1979), *review denied*, 93 Wn.2d 1026 (1980). Admissibility is confined almost always to these two situations. 5 K. Tegland, Wash. Prac., *Evidence* § 111 (2d ed. 1982). The only other situation where character evidence is admissible in a criminal case is when consent is at issue in a prosecution for rape. RCW 9A.44.020; *State v. Carver*, 37 Wn. App. 122, 678 P.2d 842, *review denied*, 101 Wn.2d 1019 (1984).

Character is defined in E. Cleary, *McCormick on Evidence* § 195, at 574 (3d ed. 1984), as a "generalized description of a person's disposition, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness." (Footnote omitted.) Mr. Setzer's acts on only four prior occasions are insufficient to constitute a trait of chronic recklessness. We find no error.

Nor do we find merit in Mr. Young's argument that Mr. Setzer's conduct can be characterized as a habit pursuant to ER 406, which provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Unlike ER 404, a habit is admissible to prove the person acted in conformity therewith on the occasion in question. In determining whether the conduct rises to the level of a habit, the court must consider the regularity of the acts and

the similarity of circumstances. *Breimon v. General Motors Corp.,* 8 Wn. App. 747, 752–54, 509 P.2d 398 (1973). As defined in E. Cleary, at 575, habit is a person's "regular practice of responding to a particular kind of situation with a specific type of conduct." (Footnote omitted.) The number and regularity of the acts here are again insufficient to rise to the level of habit and the court did not err in refusing admission of the evidence on this basis.

Mr. Young further argues the evidence should have been admitted pursuant to ER 404(b) to prove identity, control, absence of mistake and modus operandi. *Calbom,* at 168.

The admission of other acts under ER 404(b) has been used primarily where the prosecution offers the evidence to prove an essential element of the crime or rebut a defense of mistake. *State v. Dinges,* 48 Wn.2d 152, 292 P.2d 361 (1956); *State v. Brown,* 30 Wn. App. 344, 633 P.2d 1351 (1981) (two prior convictions for prostitution were admissible to prove intent on a charge of prostitution loitering); *State v. Fernandez,* 28 Wn. App. 944, 628 P.2d 818 (1980) (admission of similar acts to prove modus operandi, identity, and rebut the defense's explanation of accident); *State v. Bloomstrom,* 12 Wn. App. 416, 529 P.2d 1124 (1974) (acts of interest in other children admissible to show injury to victim was not accidental), *review denied,* 85 Wn.2d 1009 (1975); *State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (defendant's subsequent acts of misconduct admitted to show consciousness of guilt and identity), *review denied,* 82 Wn.2d 1010, *cert. denied,* 415 U.S. 926 (1973); *State v. Moxley,* 6 Wn. App. 153, 491 P.2d 1326 (1971) (prior threat to kill wife admissible in arson case to show husband's identity and willfulness of act), *review denied,* 80 Wn.2d 1004 (1972); *State v. Stationak,* 1 Wn. App. 558, 463 P.2d 260 (1969) (evidence of unrelated crime committed 5½ months before admissible to rebut the defense's claim of accident).

■ Mr. Young argues the rule is not limited to use by the prosecution and should be equally available to a defendant when used to prove his theory of defense. *State*

*v. Chapman,* ___ Mont. ___, 679 P.2d 1210 (1984). We agree. Here, Mr. Setzer's prior acts of conduct were relevant for the purpose of proving (1) the identity of the person responsible for the accident was Mr. Setzer, (2) it was he, not Mr. Young, who was in control of the vehicle at the time of the accident, and (3) Mr. Setzer's intentional interference with Mr. Young's steering was the proximate cause of the accident. Although the evidence may have been probative to prove the similarity of acts, *i.e.,* "modus operandi", Mr. Young failed to raise this as a basis for admission at trial and thus is excluded from raising it as error on review. *State v. Wixon,* 30 Wn. App. 63, 631 P.2d 1033, *review denied,* 96 Wn.2d 1012 (1981).

██ The court excluded the proffered evidence on the basis of ER 403. Weighing the probative value of evidence under ER 403 against the dangers of confusion or prejudice, the general rule requires the balance be struck in favor of admissibility. *United States v. Dennis,* 625 F.2d 782 (8th Cir. 1980). ER 403 does not extend to the exclusion of crucial evidence relevant to the central contention of a valid defense. 5 K. Tegland, Wash. Prac. § 105; *United States v. Wasman,* 641 F.2d 326 (5th Cir. 1981). Here, evidence of Mr. Setzer's conduct on the night of the accident was highly probative and crucial to Mr. Young's theory of defense, that it was Mr. Setzer and not he that caused the accident. Nor is its probative value "substantially outweighed" by the dangers enumerated in ER 403. The balance should have been struck in favor of admissibility. Under these circumstances the court's failure to do so was an abuse of discretion.

Last, Mr. Young contends the court erred in refusing to clarify instruction 12, which states in part:

> If you find that the defendant operated a motor vehicle while under the influence of or affected by intoxicating liquor or in a reckless manner, or with disregard of the safety of others, but that the sole proximate cause of the occurrence was a later independent, intentional intervening act of a person *not a party to this case* that the

defendant, in the exercise of ordinary care, could not reasonably have anticipated as likely to happen, the defendant's original act is superseded by the intervening act and is not a proximate cause of the occurrence.

(Italics ours.) The jury, not understanding the instruction, asked the court, "Is Vince Setzer a party to this case?" The court refused and responded, "You must refer to the instructions." Mr. Young asserts refusal to clarify the instruction allowed the jury to conclude Mr. Setzer was a party to the case, and thus prevented the jury from considering his sole defense.

Mr. Young supplemented his motion for a new trial with the following juror affidavits:

the language "a person not a party to this case" in Instruction No. 12 was unclear and confusing since we did not know whether it could refer to Vince Setzer. We knew he was a party to the accident and also believed he could be a party to the case, but we were unsure. It was for that reason we requested clarification from the judge during our deliberations.

The State argues these juror affidavits may not be considered in reviewing the trial court's denial of the motion for new trial and the alleged instructional error. We agree.

A jury's decision is contained exclusively within its verdict. *State v. Bockman,* 37 Wn. App. 474, 493, 682 P.2d 925, *review denied,* 102 Wn.2d 1002 (1984). The court may not consider statements in an affidavit which reflect the juror's thought process; such statements inhere in the verdict. *State v. McKenzie,* 56 Wn.2d 897, 900, 355 P.2d 834 (1960); *State v. Forsyth,* 13 Wn. App. 133, 533 P.2d 847 (1975). The affidavits here clearly reflect the juror's thought process and therefore may not be considered in reviewing either the denial of the motion for new trial or the alleged instructional error.

■ The State takes the position that since Mr. Young proposed instruction 12, he is precluded from challenging it on review. This position is generally correct. *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979); *State v. Miller,* 40 Wn. App. 483, 486, 698 P.2d 1123, *review denied,* 104

Wn.2d 1010 (1985). Invited error precludes review. *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984); *State v. Tyson*, 33 Wn. App. 859, 864, 658 P.2d 55 (1983). However, this rule is not applicable here for two reasons. First, the proposed instruction was a Washington pattern civil instruction. There is no criminal pattern instruction on superseding intervening cause. It was not foreseeable that the language "not a party to this case" would create the confusion it did. Second, the error does not arise from the giving of the instruction, but the refusal to clarify it. This is an independent basis upon which Mr. Young may predicate error. We conclude the doctrine of invited error is therefore not applicable.

Nevertheless, the State further argues since Mr. Young did not propose a written instruction to clarify, he is precluded from raising it as error on appeal. The report of proceedings reflects Mr. Young orally requested the court to clarify its instruction by indicating Mr. Setzer was not a party to the case within the meaning of instruction 12. We find no merit to this position.

Once a jury begins its deliberations, the trial court may supplement an instruction with an explanatory instruction if the meaning of the language is unclear or if the language might mislead persons of ordinary intelligence. *State v. Johnson*, 7 Wn. App. 527, 539, 500 P.2d 788 (1972), *aff'd*, 82 Wn.2d 156, 508 P.2d 1028 (1973); CrR 6.15 (f). Whether words used in an instruction require definition is necessarily a matter of judgment for the trial court. *State v. Castro*, 32 Wn. App. 559, 565, 648 P.2d 485, *review denied*, 98 Wn.2d 1007 (1982); *Seattle v. Richard Bockman Land Corp.*, 8 Wn. App. 214, 217, 505 P.2d 168, *review denied*, 82 Wn.2d 1003 (1973). Words which have ordinary and accepted meanings are not subject to clarification. *State v. Guloy*, 104 Wn.2d 412, 417, 705 P.2d 1182 (1985) (common scheme or plan), *cert. denied*, 475 U.S. 1020, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986); *State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980) (knowledge); *State v. Humphries*, 21 Wn. App. 405, 411, 586 P.2d 130 (1978) (obstructing).

However, the court is required to define technical rules or expressions. *State v. Hill,* 10 Wn. App. 851, 854, 520 P.2d 946 (1974). Mr. Young argues the language here has a technical legal meaning and therefore should have been clarified.

Black's Law Dictionary 1278 (4th ed. 1968) defines party as:

A person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually. See Parties.

"Party" is a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether in law or equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons, (they are parties in the writ, and parties on the record;) and all others who may be affected by the suit, indirectly or consequentially, are persons interested, but not parties. Merchants' Bank v. Cook, 4 Pick. 405.

"Party" is not restricted to strict meaning of plaintiff or defendant in a lawsuit, being defined as one concerned in or privy to a matter as in the relation of accessory or confidant, and again a partial person, one who takes sides. State v. Orr, 53 Idaho 452, 24 P.2d 679 [1933].

*See also* 59 Am. Jur. 2d *Parties* § 7 (1971). Additionally, even a cursory review of the law reflects an abundance of statutes, procedural rules and case law defining who is properly considered a party in varying contexts. *Rouse v. Glascam Builders, Inc.,* 101 Wn.2d 127, 677 P.2d 125 (1984) (defining indispensable or necessary parties pursuant to CR 19); *Washington Educ. Ass'n v. Shelton Sch. Dist. 309,* 93 Wn.2d 783, 613 P.2d 769 (1980) (defining who may be parties to a class action pursuant to CR 23); *Shelby v. Keck,* 85 Wn.2d 911, 541 P.2d 365 (1975) (discussing joinder of parties pursuant to CR 21); *Reed v. Streib,* 65 Wn.2d 700, 399 P.2d 338 (1965) (bringing in parties neither necessary nor indispensable, but whose presence will enable the court to grant complete relief pursuant to CR 13(h)); *Moses Lake Homes, Inc. v. Grant Cy.,* 49 Wn.2d 182, 299 P.2d 840 (1956) (defining "interest" necessary to intervene as a

party); *Eastlake Constr. Co. v. Hess,* 33 Wn. App. 378, 655 P.2d 1160 (1982) (defining real party in interest pursuant to CR 17(a)), *modified,* 102 Wn.2d 30, 686 P.2d 465 (1984); *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 21 Wn. App. 886, 586 P.2d 1207 (1978) (joinder of concurrent tortfeasors pursuant to CR 14(a)); *see also* RCW 4.08.030–.210 defining "Parties to Actions".

The voluminous law in this area reflects "party" is a technical, not a commonly understood term. The judge is charged with explaining such terms where there is confusion. As noted in *State v. Allen,* 89 Wn.2d 651, 654, 574 P.2d 1182 (1978):

> [T]he chief objects contemplated in the charge of the judge are to *explain the law of the case, to point out the essentials to be proved on the one side or the other,* and to bring into view the relation of the particular evidence adduced to the particular issues involved. *See* 75 Am. Jur. 2d *Trial* § 571 (1974).

(Italics ours.) Here the court's response to the jury's request whether Mr. Setzer was a party by telling them to refer to the instructions was not sufficient. None of the instructions refer to the State and Mr. Young as "parties". In fact, the only reference to the parties is on the face sheet of the instructions. It is evident the jury did not grasp the technical meaning of the term "party". Implicit in the request is the fact the jury was confused as to whether "party" meant "party to the accident" or "party to the proceeding." Mr. Young's entire defense rested on the theory that Mr. Setzer was the proximate cause of the accident. By refusing to provide an answer to the jury's request, the jury was allowed to speculate as to Mr. Setzer's legal status. We conclude it was error not to clarify the instruction for the jury.

An instructional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error. *State v. Guloy, supra* at 425. Constitutional error is presumed to be prejudicial and the State bears the bur-

den of proving the error is harmless. *State v. Stephens,* 93 Wn.2d 186, 190–91, 607 P.2d 304 (1980). Here, the interpretation of the physical evidence was conflicting and, thus, we do not find the error was harmless beyond a reasonable doubt.

Reversed.

McINTURFF, C.J., and THOMPSON, J., concur.

Reconsideration denied August 18, 1987.