STATE OF CONNECTICUT *v.* ETTORE H. ALMORI

FILE No. CR 16-3937

STATE OF CONNECTICUT *v.* JOHN J. CALABRESE

FILE No. CR 16-3938

STATE OF CONNECTICUT *v.* JOHN FRANCIS ZITO

FILE No. CR 16-3939

STATE OF CONNECTICUT *v.* CLYDE A. LAMPER, JR.

FILE No. CR 16-3940

CIRCUIT COURT                SIXTEENTH CIRCUIT

Memorandum filed July 5, 1966

*Stanley M. Barall,* of Hartford, for the plaintiff.

*Bertlen F. Turner,* of Simsbury, for defendant Ettore H. Almori.

*Aaron L. Gersten,* of Hartford, for defendant John J. Calabrese.

*Joseph J. Trantolo,* of Hartford, for defendant John Francis Zito.

*Arnold E. Bayer,* of Hartford, for defendant Clyde A. Lamper, Jr.

PRUYN, J. By informations dated May 23, 1966, the defendants were charged with the crime of pool selling in violation of § 53-295 of the General Statutes. On May 20, 1966, certain real and personal property and the persons of the defendants were

searched and certain personal property seized, and the defendants arrested, all by virtue of a search and seizure warrant. Thereafter, motions for disclosure and production and other preliminary motions were filed by the defendants which were set for a hearing in this court to be held on June 27, 1966. On June 20, 1966, by order of the court, photocopies of the warrant and the affidavit supporting it were furnished to the attorneys for the several defendants. At the scheduled hearing on June 27, 1966, the attorney for the defendant Zito advised the court that, as the photocopy of the warrant showed no date and no judge's signature, he had, just prior to the hearing, examined the original warrant and discovered for the first time that it bore neither a date nor the signature of a Circuit Court judge. He then and there, in open court, orally moved that the information be quashed on the ground that the warrant was invalid and the rights of the defendant under the fourth and fourteenth amendments to the United States constitution and under article first, § 7, of the constitution of Connecticut were violated. In this motion the other defendants joined in regard to the respective informations against them.

To quash means to "abate, annul, overthrow" or "make void." Webster, Third New International Dictionary. A motion to quash lies only for defects apparent on the face of the proceedings, it is not favored, and the court will exercise its power to quash with great caution and only in very clear cases. *Wickwire* v. *State,* 19 Conn. 477, 484.

A search warrant can only be issued upon the affidavit of the prosecuting attorney or two credible persons, sworn to before the judge and establishing the grounds for issuing the warrant; if the judge is satisfied that grounds for the application exist or that there is probable cause to believe they exist, he

shall issue the warrant. General Statutes § 54-33a. No issue is raised as to the validity of the affidavit in this case. It is made by two police officers, with a jurat under date of May 20, 1966, containing what appears to be the signature of a judge of the Circuit Court, and is attached to the warrant.

A warrant is a legal process issued by competent authority for, in this case, the search and seizure of specified persons and property. In issuing the warrant, the judge is not doing a ministerial act but is exercising his judicial discretion in determining whether sufficient grounds exist, or that there is probable cause that they exist, for the issuance of the warrant. *State* v. *Licari,* 153 Conn. 127, 132. A lawful signature to a warrant by the person authorized to issue it is essential to its issuance. *Perry* v. *Johnson,* 37 Conn. 32, 35; *State* v. *Fleming,* 240 Mo. App. 1208, 1213; *Divine* v. *Commonwealth,* 236 Ky. 579, 580; 4 Wharton, Criminal Law and Procedure § 1551. "[I]t is important in the use of all criminal forms of proceeding, the execution of which involves the liberty of the citizen, that the greatest practicable strictness and regularity should be observed . . . ." *Perry* v. *Johnson,* supra, 35.

The fourth amendment to the constitution of the United States, made obligatory upon the states *(Ker* v. *California,* 374 U.S. 23, 33), and § 7 of article first of the constitution of Connecticut, in almost identical language, guarantee citizens to be free in their persons, houses, papers and possessions against unreasonable search and seizure and forbid the issuance of a search warrant except upon probable cause supported by oath or affirmation. The privacy of a citizen's home and his personal effects are thus made safe against the government and its agents by these provisions, which say that these sacred rights may not be violated except by virtue

of a search warrant. The court must regard the provisions of our statutes pertaining to search warrants with more than ordinary strictness and be ever mindful of the constitutional guarantee to citizens to be free from unreasonable search and seizure.

The unsigned and undated search warrant is fatally defective, invalid and void and conferred no authority to act thereunder.

The motions to quash are granted.