**UNITED STATES of America,
Appellee,**

v.

**Benjamin Franklin BLACK, a/k/a Bennie
Black, Appellant.**

**No. 12853.**

United States Court of Appeals
Fourth Circuit.

Sept. 11, 1969.

Robert M. Yacobi, Newport News, Va. (Yacobi & Wood, Newport News, Va., on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty., for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

This case comes before us on the Government's motion for summary affirmance of the judgment of conviction and sentence entered on Black's plea of guilty. · We uphold the judgment below.

Black asserts three points of error: (1) that he was not served with a warrant on his initial arrest; (2) that he was forced to plead guilty because of an illegally obtained confession; and (3) that he was denied counsel "at the time of his arrest."

Having carefully reviewed the record before us, we find no evidence of any confession having been made by Black[1] and no evidence of prejudice

---

[1]. In his pretrial motions, filed after a plea of not guilty and before entering a guilty plea, Black did make a general objection to the admission against him of "any evidence based on any purported admissions or confessions by him" on the ground that the same were not voluntarily given. However, at the hearing on these motions this specific one was not argued, and it was not raised again before the trial court thereafter.

Even if there were sufficient evidence of the existence of some confession which had· been made by Black, we would be compelled to hold that Black could not justifiably claim that it was involuntarily given, in light of the searching inquiry made by the trial judge pursuant to Rule 11 of the Federal Rules of Criminal Procedure to ascertain the voluntariness of the guilty plea, and in light of the admonitions given to Black which were, in pertinent part, as follows:

"If you have any contention that any statement given by you to the FBI, the Secret Service, the postal inspectors,

which might otherwise have resulted to him due to the fact that he was not served with a warrant upon his arrest or that counsel was not appointed for him at that time.

The appeal from the judgment of conviction is frivolous and the judgment will be summarily affirmed.

Affirmed.

---

any city, county or state police officer or anyone in authority was not given freely and voluntarily by you, without the use of violence or threats or promises or hope of any reward from you, then you have the obligation to give him [defense counsel] all of that information and, if such is the case, you

should not, in all probability, enter a plea of guilty because in all probability that evidence could not be introduced against you."

Following these admonitions, the judge offered Black the unqualified opportunity to take a recess to discuss any such matters further with his counsel.