[No. 1920-2.    Division Two.    May 12, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK EDWARD
MRIGLOT, *Appellant.*

*Christopher Sutton,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, C.J.—Defendant, Jack E. Mriglot, appeals from his conviction of forgery in the first degree—having feloniously uttered a check upon which he knowingly forged the payee's endorsement with the intent to defraud. The sole issue raised on appeal is whether the trial court erred by failing to instruct on the defense theory of involuntary intoxication. In pursuit of this theory, defendant proposed the following instruction: .

> If a person is involuntarily under the influence or affected by the use of liquor or drugs, he is excused from any criminal act committed while in said state of intoxication.

■ The trial court properly refused this instruction because it incorrectly states the law of the defense of involuntary intoxication. A trial court is not required to give an instruction which is erroneous in any respect. *State v. Twitchell,* 61 Wn.2d 403, 378 P.2d 444 (1963).

In this jurisdiction, a state of intoxication *voluntarily*

induced through the consumption of alcohol or drugs does not render an act less criminal, but it is a fact which may be taken into consideration in determining whether or not a requisite specific intent exists at the time the act is committed. RCW 9.01.114.[1] *See State v. Welsh*, 8 Wn. App. 719, 508 P.2d 1041 (1973). In the case at bench, the jury was so instructed without exception by either counsel.

■ The criminal liability of one *involuntarily* intoxicated, on the other hand, is not the subject of any Washington statute, but the issue has been indirectly addressed. In *State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970), the court recognized that criminal insanity, which is a complete defense, may be the product of involuntary intoxication. In *Tyler*, the defendant entered a special plea of insanity and mental irresponsibility by reason of his ingestion of copious quantities of alcohol and other drugs. The court approved the trial court's withdrawal of the issue of insanity because the defendant failed to offer proof that his mental condition was involuntarily induced. Thus, the court appears to have suggested that involuntary intoxication constitutes a defense when the state of mind induced by the drugs approximates insanity or mental irresponsibility. Additionally, we find suggestions in *State v. Huey*, 14 Wn.2d 387, 128 P.2d 314 (1942) and *State v. Rio*, 38 Wn.2d 446, 230 P.2d 308 (1951), that where a condition of mind characterized as temporary mental irresponsibility at the time of the act is induced by some cause other than the volitional consumption of intoxicants, courts will recognize an incapacity to commit a criminal act.

Intoxication which is involuntarily induced is an unfavored defense, and it is surrounded by many safeguards to prevent its specious use. Nevertheless, if a person is

---

[1]RCW 9.01.114 states:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

charged with having committed an act, which otherwise could be considered criminal, while he was unable either to perceive the nature and quality of the act with which he is charged or to tell right from wrong with reference to the particular act charged, he is not deprived of asserting the defense of insanity by reason of the fact that a state of temporary insanity was induced by truly involuntary consumption of intoxicants. *See Burrows v. State,* 38 Ariz. 99, 297 P. 1029 (1931); and *see generally* R. Perkins, *Criminal Law* 781 *et seq.* (1957).

Defendant's proposed instruction would have excused him had he merely been found "involuntarily *under the influence* or *affected by* the use of liquor or drugs." Because an involuntarily intoxicated defendant's mental state must be measured by the test of legal insanity, the proposed instruction is an incorrect and misleading statement of the law.

Judgment affirmed.

PEARSON and REED, JJ., concur.

Petition for rehearing denied June 28, 1976.

Review granted by Supreme Court November 10, 1976.