[No. 5638–1. Division One. October 2, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. GUS HUMPHRIES, *Appellant.*

*Mark Leemon* and *R. C. Boruchowitz* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas L. Pugh, Deputy,* for respondent.

DORE, J.—Defendant was charged by information with third–degree assault. A jury convicted him of the lesser included offense of simple assault. He appeals. We affirm.

## ISSUES

ISSUE 1: Was there substantial evidence to support the jury's verdict, finding defendant guilty of the offense of simple assault?

ISSUE 2: Did the court err in declining to give certain instructions proposed by the defense?

## FACTS

On the evening of January 17, 1977, Seattle police officers responded to a radio call seeking to locate defendant Humphries concerning some traffic and robbery warrants. The officers went to an address they had been given, and upon arriving knocked on the door, and entered when a woman opened it. Officer Burtis testified that the woman opened the door quite wide and he walked in. The woman controverted the officer's statement and testified that the officers pushed the door open and elbowed their way in.

A birthday party was in progress and numerous people were present. When the officers asked for Humphries, an argument broke out concerning their presence and the apparent lack of a warrant. Humphries appeared and joined the argument. The officers testified that during the argument Humphries spat twice in Officer Burtis' face.

Burtis then informed Humphries that he was under arrest for obstructing. A fight ensued as Humphries pushed the officer out the open front door into the yard while Burtis simultaneously was attempting to consummate the arrest. As the fight ensued, Humphries was able to break free and ran back into the house. A few moments later Burtis also went back into the house. Humphries retreated onto the front staircase, with two women standing at the bottom of the stairway shielding him.

Burtis felt that Humphries was not going to escape so he did not attempt to immediately arrest him but waited for backup units for help. During this lull Humphries reached between the two women and struck Burtis on the jaw with his fist. Burtis, with the aid of other officers, then placed Humphries under arrest.

Humphries' version of the altercation was that as he stood on the staircase an officer reached to grab him and he knocked the officer's hand away. He stated that Officer Burtis then subdued him by choking him into submission.

## DECISION

ISSUE 1: Lesser included offense.

Humphries was convicted of simple assault, a lesser included offense of third–degree assault.[1] An instruction regarding a lesser included offense may be given when evidence is introduced which would warrant the jury in believing the accused guilty only of a lesser degree of the offense with which he is charged. *State v. Donofrio*, 141 Wash. 132, 250 P. 951 (1926); *State v. Young*, 22 Wash. 273, 60 P. 650 (1900).

Defendant argues that the court erroneously allowed the prosecutor to characterize spitting as an assault.

A person illegally arrested by an officer may resist that arrest; the force used in resisting an unlawful arrest must

---

[1]RCW 9A.36.030 provides:

"Assault in the third degree. (1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall assault another with intent to prevent or resist the execution of any lawful process or mandate of

be reasonable and proportioned to the injury attempted upon the party sought to be arrested. *State v. Rousseau,* 40 Wn.2d 92, 241 P.2d 447 (1952); *Kennewick v. Keller,* 11 Wn. App. 777, 525 P.2d 267 (1974). In a prosecution for assaulting an officer, it is a question for the jury under all the circumstances whether unnecessary force has been used in resisting arrest. *State v. Rousseau, supra.*

If the officers' actions were unlawful, Humphries could not be convicted of third–degree assault which requires the intent to prevent or resist *lawful* apprehension or detention. RCW 9A.36.030(1). But even if the arrest was unlawful, there remained a jury question whether Humphries used unnecessary or excessive force in resisting the officers. *State v. Rousseau, supra.* The jury could have found that Humphries' use of physical force in attempting to remove Officer Burtis from the premises was unreasonable because the officers had made no effort to place Humphries under physical restraint at that point. The jury could also have found that Humphries' punching Officer Burtis in the jaw was a second episode constituting unnecessary force because the original fight between them had twice abated and was dormant, if not completely terminated, at that time.

■ At trial and over objection the prosecutor in her final argument characterized spitting as an assault.

An assault is an attempt to commit a battery, which is an unlawful touching; a touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive. *See* R. Perkins, *Criminal Law,* ch. 2, § 2.A.1, at 107–08 (2d ed. 1969); 6 Am. Jur. 2d *Assault and Battery* § 5, 10 (1963).

any court officer, or the lawful apprehension or detention of himself or another person shall be guilty of assault in the third degree."

RCW 9A.36.040 provides:

"Simple assault. (1) Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault."

*State v. Garcia,* 20 Wn. App. 401, 403–04, 579 P.2d 1034 (1978).

A battery is a consummated assault. *See* 6A C.J.S. *Assault and Battery* § 2 (1975). Spitting may constitute a battery. R. Perkins, *Criminal Law* 108 n.14 (2d ed. 1969), citing *Regina v. Cotesworth,* 6 Mod. 172, 87 Eng. Rep. 928 (1705). In applying the statute governing assault on federal officers, 18 U.S.C. § 111, it was said:

> We do not think it could be ruled that spitting in the face is not forcible assault, or, more exactly, a battery falling within the statutory description . . . Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive. Alcorn v. Mitchell, 1872, 63 Ill. 553; Witsett v. Ransom, 1883, 79 Mo. 258, 260.

*United States v. Frizzi,* 491 F.2d 1231, 1232 (1st Cir. 1974).

Under the facts and circumstances of this case, we find no error in the prosecutor characterizing "spitting" as an assault.

We hold there was substantial evidence in the subject case on which the jury could find the defendant Humphries guilty of simple assault.

ISSUE 2: Proposed defense instructions.

Humphries' theory of the case was that the police unlawfully entered his mother's house and that his use of force in resisting his subsequent arrest was justified. He assigns error to the court's failure to give four proposed instructions concerning this theory.

As stated in *State v. Long,* 19 Wn. App. 900, 902, 578 P.2d 871 (1978):

> The test of sufficiency of instructions given on a party's theory of the case is that (1) they permit the party to argue his or her theory of the case; (2) they are not misleading; and (3) when read as a whole they properly inform the trier of the fact on the applicable law. *State v. Dana,* 73 Wn.2d 533, 537, 439 P.2d 403

(1968); *State v. Lane,* 4 Wn. App. 745, 747, 484 P.2d 432 (1971). It is discretionary with the trial court as to how many instructions are necessary to fairly present a litigant's theories. *Anderson v. Red & White Constr. Co.,* 4 Wn. App. 534, 538, 483 P.2d 124 (1971).

Initially Humphries contends that some or all of his proposed instructions were necessary to explain the court's instruction No. 6.[2] Generally, an instruction that follows the words of a statute is proper. *State v. Whittier,* 13 Wn. App. 293, 535 P.2d 847 (1975); *State v. Crudup,* 11 Wn. App. 583, 524 P.2d 479 (1974). The court may supplement statutory language by an explanatory instruction but such an instruction is unnecessary if the statutory language is reasonably clear and not misleading to persons of ordinary intelligence. *State v. Johnson,* 7 Wn. App. 527, 500 P.2d 788 (1972), adopted 82 Wn.2d 156, 508 P.2d 1028 (1973).

The term "break open" as used in RCW 10.31.040, means simply entry without permission. *State v. Miller,* 7 Wn. App. 414, 499 P.2d 241 (1972). Although an instruction explaining the special meaning of "break open" could have been given in this case, we find no reversible error because none of Humphries' proposed instructions properly supplemented the court's instruction No. 6. As to whether it was error not to give the defense's proposed instructions, we will consider them individually.

PROPOSED DEFENSE INSTRUCTION No. 21

It is the defendant's theory of the case that the police entered his mother's house unlawfully and that they acted unlawfully in arresting him for obstructing. He, therefore, cannot be punished for resisting unlawful acts by the police.

If, in your consideration of all of the evidence, the evidence supporting the defendant's theory of the case creates in your mind a reasonable doubt as to the

---

[2] INSTRUCTION No. 6

"To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, after notice of his office and purpose he be refused admittance."

defendant's guilt, then you must return a verdict of not guilty.

This instruction is not an accurate statement of the law— one *can* be punished for resisting unlawful acts of the police if one used unreasonable and/or excessive force. *State v. Rousseau, supra.* The court is not required to give an instruction which is erroneous in any respect. *State v. Mriglot,* 15 Wn. App. 446, 550 P.2d 17 (1976); *State v. Mayner,* 4 Wn. App. 549, 483 P.2d 151 (1971).

PROPOSED DEFENSE INSTRUCTION NO. 24

The police may not enter a home to arrest someone on a warrant unless they have probable cause to believe that the person is on the premises. They may not force their way into a house unless they have requested and been refused admittance and unless they have a search warrant or other lawful reason to enter.

An entry into a building is a search and citizens are protected against unreasonable searches by the Washington and United States Constitutions. An entry into a building without a search warrant, or existence of emergency circumstances, is unconstitutional.

Humphries admits that the second sentence, using the term "force," is not an accurate statement of the law set forth in *State v. Miller, supra.* It was, therefore, properly refused. *State v. Mriglot, supra; State v. Mayner, supra.*

PROPOSED DEFENSE INSTRUCTION NO. 25

To obstruct a police officer means intentionally to resist, delay, or obstruct a person the defendant knows to be a police officer when that officer is acting lawfully in a governmental function.

The trial court in a criminal case is required to define technical words and expressions, but not words and expressions which are of common understanding. *State v. Lyskoski,* 47 Wn.2d 102, 287 P.2d 114 (1955); *State v. Hill,* 10 Wn. App. 851, 520 P.2d 946 (1974). Whether words used in an instruction require definition is necessarily a matter of judgment of the trial judge. *Seattle v. Richard Bockman Land Corp.,* 8 Wn. App. 214, 505 P.2d 168 (1973). The word "obstructing" is commonly understood; Humphries'

proposed instruction would have only compounded the problem by reusing "obstruct" in the definition.

### PROPOSED DEFENSE INSTRUCTION NO. 28

In deciding whether the defendant acted in self defense or in defense of his family, you should consider all of the circumstances as they were known to the defendant at the time he acted. You should place yourselves in the place of the defendant, try to understand his point of view at the time of the incident, and view the conduct of Officer Burtis and the other officers with all their pertinent sidelights as the defendant was warranted in viewing it.

The question is the reasonableness of the defendant's perception and action, and to determine this you should stand as nearly as practicable in the shoes of the defendant, and from this point of view determine the character of the act.

■ Humphries' defense was the lawful use of force. The court instructed the jury on this theory in the language of RCW 9A.16.020(3),[3] and the defendant did not except to this instruction. The correct rule is:

Although a person is not entitled to use all the force which he believes necessary to repel an attack, he may use that degree of force necessary to protect himself which a reasonably prudent man would have used *under the conditions appearing to him at that time.*

*State v. Dunning,* 8 Wn. App. 340, 342, 506 P.2d 321 (1973).

The case of *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977), and cases cited therein, upon which Humphries bases his proposed instruction, involved a claim of justifiable homicide under RCW 9A.16.050. The proposed instruction was inapposite and the court was not required to give it. *State v. Mriglot, supra; State v. Mayner, supra.*

---

[3]                    INSTRUCTION NO. 12

"The use, attempt, or offer to use force upon or toward another person is lawful whenever used by a person about to be injured, or by another lawfully aiding him, in preventing an unlawful arrest or attempting to prevent an offense against his person and is not more than shall be necessary."

In summary, we find no reversible error by the trial court's refusal to submit to the jury the defense's proposed instructions Nos. 21, 24, 25 and 28.

We affirm.

ANDERSEN, A.C.J., and JAMES, J., concur.

Reconsideration denied November 7, 1978.