[No. 2825–3.   Division Three.   May 24, 1979.]

THE STATE OF WASHINGTON, *Appellant,* v. TONY A. TRENIDAD, *Respondent.*

*C. J. Rabideau, Prosecuting Attorney,* and *Irene Cleavenger, Deputy,* for appellant.

*Gary Hugill,* for respondent (appointed counsel for appeal).

GREEN, C.J.—The State appeals from an order suppressing evidence of a controlled substance found on the defendant during a pat–down search following his arrest, pursuant to what the officer thought was an outstanding civil bench warrant. The evidence was suppressed because the court found that the bench warrant had been quashed prior to the arrest.

The sole issue is whether a quashed warrant, when relied upon in good faith by the arresting officer, can be the basis of a valid arrest and a lawful search.

The facts are undisputed. A civil bench warrant for the defendant's arrest was issued on December 16, 1977, at the request of the Department of Social and Health Services in an action for child support. According to a statement by the deputy prosecutor, the defendant voluntarily appeared at the prosecutor's office on January 3, 1978. About this same time the prosecutor ascertained that the bench warrant might have been improperly issued, as the defendant had not been given notice to appear at the hearing in which the court indicated that a warrant would be issued for his failure to appear. An order quashing the warrant was entered on January 13, 1978, and was filed at 9:19 a.m. Shortly thereafter, the arresting officer saw the defendant in the front yard of his residence. At 9:40 a.m., he radioed the police dispatcher to inquire whether there was an outstanding warrant for the defendant's arrest. The officer approached the defendant. While the defendant was explaining that he had cleared up the warrant with the prosecutor, the dispatcher broke into the conversation and confirmed the warrant.

The officer arrested the defendant at 9:45 a.m. During the pat–down search that followed the arrest, the officer discovered a hypodermic syringe and a plastic bag containing heroin. Later, when the defendant was booked at the police station, he handed over a vial containing heroin. Following the booking process, the officer returned the warrant to his office, where he learned that it had been quashed.

The State argues that it was error for the court to suppress the evidence because the warrant was valid on its face and the officer acted in good faith when he arrested the defendant. The State also contends there was substantial compliance with RCW 10.31.030, which allows an officer to make an arrest even though the officer does not have the warrant in his possession at that time. From this, the State concludes that the arrest was valid and the search was lawful. We disagree.

■ When the defendant was arrested, the warrant which authorized his arrest had been quashed. Black's Law Dictionary (4th ed. rev. 1968), defines "quash" as "to overthrow; to abate; to vacate; to annul; to make void." *See State v. Almori,* 3 Conn. Cir. Ct. 641, 222 A.2d 820 (1966). The bench warrant was not only technically invalid—it had been vacated by court order. A void warrant cannot be the basis for a valid arrest.

■ The officer's good faith reliance on information supplied by a fellow officer does not determine the validity of the arrest.[1] *Whiteley v. Warden,* 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971). In *Whiteley,* two businesses in Saratoga, Wyoming, were burglarized. Acting on an informer's tip, the local sheriff signed a complaint charging the defendant and another man with the crime. On the basis of the complaint, the justice of the peace issued a warrant which was transmitted over the police radio network throughout the state. The police bulletin described the men

---

[1] An officer is not liable for false imprisonment when he, in good faith, makes an arrest pursuant to a warrant that is later discovered to be invalid. *See Barrier v. Alexander,* 100 Cal. App. 2d 497, 224 P.2d 436 (1950).

and the car that they were driving. Later, a policeman in Laramie, Wyoming, spotted the men and arrested them in reliance on the police bulletin. The Supreme Court invalidated the warrant issued by the justice of the peace for lack of probable cause. In response to the State's argument that the Laramie officer had probable cause to arrest the defendant because the officer was entitled to rely on the bulletin, the court stated:

> We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.

*Whiteley v. Warden, supra* at 568; *see State v. McCord,* 19 Wn. App. 250, 255, 576 P.2d 892, 895 (1978). Similarly, the arrest here was invalid because it was based upon a void warrant. There was no other basis for the defendant's arrest. The officer's good faith does not change this fact.

The State's contention that RCW 10.31.030 was substantially complied with must also be rejected. The applicable part of the statute states:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant: *Provided,* That if the officer does not have the warrant in his possession at the time of arrest he shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement: . . .

It is clear that this statute presupposes a warrant actually exists since the officer must either "inform the defendant that he acts under authority of a warrant" and either show the warrant or "declare that the warrant does presently exist" and will be shown to him as soon as possible. Here, the warrant was quashed; it was no longer in existence.

Consequently, we hold that the court was correct in excluding the evidence.

Affirmed.

MUNSON and ROE, JJ., concur.