[No. 11337–2–I.  Division One.  July 25, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK CARSON SIMMONS, *Appellant.*

*Donald Vaux,* for appellant (appointed counsel for appeal).

*E. H. Knapp, Jr., Prosecuting Attorney,* and *Charles Z. Silverman, Deputy,* for respondent.

CORBETT, J.—Defendant, Jack Carson Simmons, appeals his judgment and sentence for resisting arrest. We affirm.

Defendant, a resident of Lopez Island, was arrested at his home by a San Juan County Deputy Sheriff, pursuant to an arrest warrant issued by the Clallam County District Court. Defendant initially agreed to go with the arresting officers, but subsequently asked to see the warrant. The officers told him they did not have the warrant in their possession but it would be shown to him when he arrived at the Friday Harbor sheriff's office, where he would be initially detained. After some argument, the defendant turned away from the officers to reenter his home. Following a scuffle with the officers, he was placed in a patrol car and transported to Friday Harbor.

Defendant assigns error to the denial of his motion to dismiss, one of the jury instructions and failure to give his proposed instructions. All three assignments of error are based on his contention that his arrest was unlawful.

Defendant first contends that his arrest was unlawful

because the officers did not comply with RCW 10.31.030, which states in pertinent part:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant: *Provided,* That if the officer does not have the warrant in his possession at the time of arrest he shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement: . . .

RCW 10.31.030. Relying on *State v. Trenidad,* 23 Wn. App. 418, 595 P.2d 957 (1979), the defendant argues that the statute presupposes that the warrant will actually be shown and, because it was not, the arrest was unlawful.

The statute indicates a legislative preference for showing the warrant at the time of arrest. However, it permits the arresting officer to make the arrest by declaration of the warrant's existence and promise of its display upon arrival at the place of confinement. The purpose of this twofold duty is to advise the arrestee of the authority and reason for his arrest as soon as possible. *State v. Dugger,* 34 Wn. App. 315, 319, 661 P.2d 979 (1983). Substantial compliance with the statute is all that is required for a valid arrest. *State v. Singleton,* 9 Wn. App. 327, 330, 511 P.2d 1396 (1973); *State v. Dugger, supra.* The statute presumes that a valid warrant exists. *State v. Trenidad, supra* at 421. Here, unlike *Trenidad,* there is no dispute that a valid warrant existed, although it was never shown to the defendant. The officers substantially complied with RCW 10.31.030 in making the arrest; the defendant's first contention is without merit.

Defendant next contends that the Fourth Amendment requires that arrests made without simultaneous display of the warrant be limited to situations involving exigent circumstances. An arrest warrant protects the individual from unreasonable seizure by allowing a neutral judicial officer to assess whether the police have probable cause to arrest. *Steagald v. United States,* 451 U.S. 204, 213, 68 L. Ed. 2d 38, 101 S. Ct. 1642 (1981). Once a warrant

has been properly issued, the primary purpose has been served. The rules surrounding execution of a valid warrant are ministerial. *State v. Parker,* 28 Wn. App. 425, 426, 626 P.2d 508 (1981); *see also United States v. Black,* 415 F.2d 230 (4th Cir. 1969); *United States v. Turcotte,* 558 F.2d 893, 896 (8th Cir. 1977). Exigent circumstances are not required to permit arrest pursuant to a valid warrant even though the warrant is not presently in the possession of the officer making the arrest.

Defendant next argues the court erred in failing to give his proposed instructions:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant.
>
> The law provides that people have the right to be secure in their persons, houses, papers, and effects against unreasonable seizures. Ordinarily, the peace officer making an arrest must inform the defendant that he acts under authority of a warrant, and must show also [*sic*] the warrant. If the officer could not reasonably anticipate encountering the defendant or if there existed exigent or emergent circumstances, the officer need not have the warrant in his possession to arrest the defendant, provided that he declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement.

■ The proposed instructions incorrectly state the law concerning display of the warrant at the time of arrest. The court is not required to give an instruction which is erroneous in any respect. *State v. Humphries,* 21 Wn. App. 405, 411, 586 P.2d 130 (1978). It was not error to refuse them.

■ Defendant also argues the court erred in giving instruction 13:

> An officer may arrest a person pursuant to a lawful arrest warrant without having an arrest warrant in his possession if at the time of the arrest the officer declares that the warrant does presently exist and that it will be shown to the defendant as soon as possible on arrival at the place of intended confinement.

He contends that the instruction was an incorrect state-

ment of the law and improperly removed the issue of the lawfulness of his arrest from the jury. Generally, an instruction conforming to the statute is proper. *State v. Humphries, supra* at 410. The instruction was based upon the statute and was a correct statement of the law. No instruction told the jury that the notice requirements of the statute had been met, nor did any instruction tell the jury that the arrest was lawful. The jury was left to apply the standard set forth in the instruction to the facts. The court did not err in giving the instruction. Defendant's arrest was lawful.

The jury returned a verdict finding the defendant guilty of the crime of resisting arrest. On the bottom of the verdict form, the foreman wrote the following statement:

It is the unanimous opinion of the jury that the defendant Jack Carson Simmons is guilty of resisting arrest by turning and walking away after he had been told he was under arrest and had to be handcuffed and go with the officers. The jury heard no evidence to show his walking away was an intentional act to keep from going with the officers but also no evidence to show that it was unintentional. The jury feels that leniency should be considered in the defendant's case.

Based on this note, the defendant moved for an arrest of judgment or a new trial. His final assignment of error is to the denial of this motion. Defendant contends that the note indicates the jury did not follow the court's instructions because it failed to determine that the defendant's acts were intentional.

Informal language injected into a general verdict by a jury could be of such character as to render it fatally vague, ambiguous or contradictory. *Rowe v. Safeway Stores, Inc.,* 14 Wn.2d 363, 373, 128 P.2d 293 (1942); *see State v. Robinson,* 84 Wn.2d 42, 45, 523 P.2d 1192 (1974). If a "special finding" is susceptible of two constructions, one which supports the general verdict and the other which does not, we must adopt the construction which supports the general verdict. *State v. Robinson, supra; State v. Roberts,* 25 Wn. App. 830, 840, 611 P.2d 1297 (1980). In deter-

mining whether the two findings can be harmonized, we must consider the entire record. *See State v. Wedner*, 24 Wn. App. 346, 347, 601 P.2d 950 (1979). The jury was instructed that a person resists arrest when he intentionally prevents or attempts to prevent an officer from lawfully arresting him. To find that the defendant acted intentionally, the jury merely had to find that the defendant acted with the objective or purpose to accomplish a result which constitutes a crime. RCW 9A.08.010(1)(a). There was no dispute that the defendant knew he was under arrest when he turned and walked away from the officers, continuing even after being asked to stop. The offense was committed at that point. The jury's note may be read to say that it found each element of the crime but heard no evidence that the defendant would not ultimately go with the officers, *i.e.*, that he would continue to resist arrest. Read in this way, the note explains the verdict and is not inconsistent. The trial court properly denied the defendant's motion for an arrest of judgment or new trial based upon the foreman's note.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied September 2, 1983.

Review denied by Supreme Court November 18, 1983.