IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35064-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYE C. ALLERY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Generally an arresting officer must show the arrestee the

warrant, or declare that the warrant will be shown when the arrestee arrives at jail. RCW

10.31.030. A federal officer accompanied by a Washington Department of Corrections

(DOC) officer arrested Kye Allery on a federal warrant, but did not show him the warrant at that time. After Mr. Allery was placed in the back seat of a patrol car, he spit on the DOC officer. The State charged Mr. Allery with third degree assault. His defense at trial was that he spat while the officers were on a "frolic" and not conducting their official duties. The jury found him guilty as charged.

On appeal, Mr. Allery contends the trial court erred in rejecting a proposed jury instruction based on RCW 10.31.030, which he argues would have supported his assertion that he did not know that he was lawfully arrested. We conclude that the record does not support his claim, and affirm.

FACTS

Officer Patrick Green is a DOC community corrections specialist whose job is to locate and apprehend wanted fugitives. Officer Green is also on a federal task force as a Special Deputy United States Marshal.

On December 20, 2016, Deputy United States Marshal William Downey called Officer Green and asked him to assist in the arrest of Mr. Allery on a federal warrant. The two officers and a Whitman County deputy sheriff converged on a house in Albion, Washington, where Mr. Allery's girlfriend lived. The officers were wearing clothing labelled "United States Marshall" or "Police" across the front and the back. While Deputy Downey went to the front door to talk to the girlfriend, Officer Green secured the back door. Deputy Downey could see Mr. Allery sitting near the front door when he told

the girlfriend he was a Deputy U.S. Marshal and was attempting to locate Mr. Allery on a warrant. The girlfriend convinced Mr. Allery to give himself up, and he came outside. At no time during the arrest process was Mr. Allery shown an arrest warrant.

Deputy Downey handcuffed Mr. Allery and placed him in the back seat of the deputy sheriff's car. Deciding that he needed an updated photo of Mr. Allery, Deputy Downey asked Officer Green to shine a flashlight on Mr. Allery while Deputy Downey took the photo. When Officer Green shined the light in Mr. Allery's face, Mr. Allery ducked away and then spat on Officer Green's face. Based on this act, the State charged Mr. Allery with third degree assault, RCW 9A.36.031(1).

At trial, Mr. Allery pursued a defense that the officers were on a personal "frolic" and "taunting" him when they took his photo, and that he did not know whether there was an actual warrant to arrest him. Report of Proceedings (RP) at 148. To that end, defense counsel proposed a jury instruction based on RCW 10.31.030:

> The officer making an arrest must inform the defendant that he or she acts under authority of a warrant, and must also show the warrant: provided, that if the officer does not have the warrant in his or her possession at the time of arrest he or she shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement.

Defendant's Proposed Jury Instructions, Clerk's Papers (CP) at 61. The trial court rejected the proposed instruction, noting that the evidence was clear that the officers were acting within their duties to enforce an arrest warrant. Additionally, the court stated that

3

"it opens the door to confusion of the jury." RP at 150. The court did allow, however, the defense proposed instruction that "[a]n officer is not engaged in performing official duties if the officer is on a frolic of his or her own at the time of the assault." CP at 50. The jury reached a verdict of guilty.

## DISCUSSION

"To satisfy the constitutional demands of a fair trial, the jury instructions, when read as a whole, must correctly tell the jury of the applicable law, not be misleading, and permit the defendant to present his theory of the case." *State v. O'Hara*, 167 Wn.2d 91, 105, 217 P.3d 756 (2010). Both parties agree that that the rejected instruction here is accurate under RCW 10.31.030, which states that

> [t]he officer making an arrest must inform the defendant that he or she acts under authority of a warrant, and must also show the warrant: PROVIDED, That if the officer does not have the warrant in his or her possession at the time of arrest he or she shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement.

The purpose of the statute is to advise the arrestee of the authority and reason for his or her arrest as soon as possible. *State v. Simmons*, 35 Wn. App. 421, 423, 667 P.2d 133 (1983). Substantial compliance with the statute is all that is required, because once a valid warrant has been issued, the execution of the warrant is ministerial. *Id.* at 423-24.

The trial court here rejected the instruction because it was not supported by the evidence and would tend to mislead or confuse the jury. When a trial court's refusal to

give a jury instruction is based on the facts of the case rather than on a rule of law, we review for abuse of discretion. *State v. Walker*, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). Discretion is abused if the trial court's decision (1) is outside the range of acceptable choices, given the facts; (2) is based on factual findings that are unsupported by the record; or (3) is based on an incorrect standard, or the facts do not meet the correct standard. *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013).

Mr. Allery was charged with third degree assault under RCW 9A.36.031(1)(g), which states that a person is guilty of third degree assault if he or she "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." The use of force for self-defense against an arresting officer is not justified except in limited circumstances involving an imminent threat of serious physical harm due to the use of excessive force by law enforcement. *See State v. Mierz*, 127 Wn.2d 460, 476-77, 901 P.2d 286 (1995); *State v. Westlund*, 13 Wn. App. 460, 469, 536 P.2d 20 (1975).

Mr. Allery does not contend that he spat on Officer Green in self-defense. He claims that his assault was against an officer who he reasonably believed was not performing official duties. He contends the proposed RCW 10.31.030 instruction was necessary to support this theory.

Whether or not Deputy Downey properly displayed the warrant or explained that the warrant would be presented at the jail, however, the undisputed evidence is that both

5

officers were clearly identified in their official capacities, and Deputy Downey explained to the girlfriend in Mr. Allery's presence that he was to be arrested on a warrant. Mr. Allery submitted to the arrest without resistance. It was only later, when Officer Green shined a flashlight in his eyes, that he reacted with spittle. His counsel argued in closing that Officer Green intentionally shined the bright light on Mr. Allery in an unprofessional manner and then laughed at Mr. Allery's response:

> There was something else going on, here, something else that—[Officer] Green had in mind. He is playing with him, he was messing with him, with a—You know, Dep. Downey may well have been, you know, just getting a picture to put in his file—possibly so. But [Officer] Green was having a little fun. And once he's having a little fun he steps beyond his duties. All right? He's going beyond. He's on a frolic of his own.

RP at 188.

It is clear from this record that Mr. Allery was arguing that Officer Green, not Deputy Downey, was on a frolic. This is a reasonable defense to a charge that Mr. Allery assaulted Officer Green while *Officer Green* was not performing his official duties. The basis for the arrest was not challenged, only Officer Green's actions after the arrest. Thus, the trial court's decision—that a proposed instruction regarding the federal warrant was not supported by the facts, was irrelevant to the defense, and would have been confusing to the jury—was acceptable under the facts and under the relevant standards. The trial court did not abuse its discretion in rejecting the proposed instruction.

6

No. 35064-9-III
*State v. Allery*

## CONCLUSION

Mr. Allery fails to show that the proposed instruction based on RCW 10.31.030 was relevant to his defense. Consequently, the conviction is affirmed. The court additionally finds that Mr. Allery has complied with RAP 14.2 and this court's June 10, 2016 General Court Order, and grants his motion to decline the imposition of appellate costs due to his continued indigency.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.

7