IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38222-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CALEB JOEL STANLEY, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Caleb Stanley was arrested on a Department of Corrections (DOC)

warrant. During transport to jail, he became combative and hit one officer with a car

door. As he was being booked into jail, he spit at two of the corrections officers. A jury

found him guilty of two counts of third degree assault and one count of obstructing a law

enforcement officer.

On appeal, Stanley contends that spitting toward a law enforcement officer is

insufficient evidence to support a conviction for third degree assault under the common

law definition of placing another in apprehension of imminent fear of bodily harm. We

disagree and affirm his conviction.

BACKGROUND

On March 1, 2020, Officer Christine Clark was dispatched to a report of an

unwanted person. Caleb Stanley's father had requested help removing his intoxicated

adult son. Officer Clark made contact with Stanley inside the residence. As Officer Clark spoke with Stanley, he directed profanities at Officer Clark and attempted to grab her leg. After another deputy arrived on scene to assist, Officer Clark advised Stanley that he was being arrested on a DOC warrant. Stanley was obstructive and resistive.

After being placed in the patrol car, Stanley complained that his handcuffs were too tight. As Officer Clark opened the door to the patrol car to check on the handcuffs, Stanley pushed the door with his body causing the door to hit Officer Clark and knock her back several steps. Stanley was eventually transferred to the Stevens County Jail. During transport, he continued to make unsolicited statements including threatening Officer Clark "you had better watch out and be careful. Strange things happen around here." Report of Proceedings (RP) at 97.

Arriving at the jail, Corrections Sergeant Wayne Gagnon and Corrections Sergeant Kenneth Niegel contacted Stanley in the back of the patrol vehicle. Stanley refused to exit the vehicle on his own accord, and was physically removed. Once outside the car, Sergeant Gagnon testified that he was placing Stanley in a restraint chair when he heard Stanley give an indication he was going to spit and then watched Stanley spit at him. Sergeant Gagnon moved to the side to avoid being hit with spit and continued detaining Stanley. Sergeant Gagnon testified that he was concerned about being spit on because of the potential for transmission of disease, infection, and COVID.

2

Sergeant Niegel testified that he was standing directly behind Sergeant Gagnon to assist when he similarly heard Stanley make "distinct throat noise" and saw Stanley look at Sergeant Gagnon and himself before spitting at them. RP at 147. Sergeant Niegel ducked backward to avoid being hit by spit. The spit passed in front of Sergeant Niegel's face and would have otherwise hit him if he had not moved. Stanley was eventually placed in a restraint chair, and a spit hood was placed over his head.

The State charged Stanley by amended information with one count of obstructing law enforcement and three counts of third degree assault for hitting Officer Clark with the car door and spitting at sergeants Niegel and Gagnon. A jury returned verdicts of guilty on the obstructing charge and the charges of assault against Officer Clark and Sergeant Gagnon, but could not reach a verdict on the assault charge for spitting at Sergeant Niegel.

## ANALYSIS

On appeal, Stanley argues that the evidence is insufficient to support his conviction for assault by spitting at Sergeant Gagnon. Stanley was convicted of third degree assault under the common law definition of assault that requires proof that the defendant attempted to inflict bodily injury on another with the apparent ability to do so. Stanley contends that the evidence is insufficient because spitting on another cannot inflict bodily injury. We disagree and affirm the conviction.

3

Due process requires the State to prove every element of a crime beyond a reasonable doubt. *State v. Rodriquez*, 187 Wn. App. 922, 930, 352 P.3d 200 (2015). An insufficient evidence claim "admits the truth of the State's evidence and all reasonable inferences from that evidence." *Id*. The critical inquiry is "'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court views the evidence in the light most favorable to the prosecution and determines whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Garcia*, 179 Wn.2d 828, 836, 318 P.3d 266 (2014).

A person commits assault in the third degree when that person, "under circumstances not amounting to assault in the first or second degree . . . [a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). The term "assault" is not defined in the Washington Criminal Code, therefore the common law definition applies. *See* RCW 9A.04.110; *State v. Krup*, 36 Wn. App. 454, 457, 676 P.2d 507 (1984). Washington recognizes three common law definitions of assault: "'(1) assault by actual battery; (2) assault by attempting to inflict bodily injury on another while having apparent present ability to inflict such injury; and (3) assault by placing the victim in reasonable apprehension of bodily harm.'" *State v. Godsey*, 131 Wn. App. 278,

287, 127 P.3d 11 (2006) (quoting *State v. Hall*, 104 Wn. App. 56, 63, 14 P.3d 884 (2000)).  The term "bodily injury" was defined in this case as "physical pain or injury, illness, or an impairment of physical condition."  Clerk's Papers at 23.

Under the actual battery prong, spitting on another person without their consent is an unlawful touching and can constitute assault when it is offensive.  *State v. Humphries*, 21 Wn. App. 405, 409, 586 P.2d 130 (1978).  However, Stanley only attempted to spit on Sergeant Gagnon; he did not actually hit Gagnon.  Thus, the State asserts that the third alternative definition of assault applies in this case.  Under the third definition, an assault may be committed "'merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm.'"  *State v. Music*, 40 Wn. App. 423, 432, 698 P.2d 1087 (1985) (quoting *Krup*, 36 Wn. App. at 458).

Viewing the evidence in a light most favorable to the State, a rational juror could conclude that Stanley placed Sergeant Gagnon in reasonable apprehension of bodily harm by spitting at him.  Sergeant Gagnon testified, without objection, that the COVID pandemic was just beginning when the incident took place, and there were several other diseases and infections that could be transferred by saliva.

Stanley points out that apprehension of bodily injury needs to be reasonable.  Unlike other cases where the fear of bodily injury is self-evident, he argues that it is not common knowledge that one can contract a communicable disease from spit.  Thus, he contends, the State needed expert testimony to prove reasonable apprehension that an

illness can be transmitted by spit. Because the State did not present expert testimony on this subject, Stanley argues that the State's evidence cannot show that Sergeant Gagnon's apprehension of contracting an illness was reasonable.

We do not need to decide whether expert testimony is necessary to establish whether saliva can transmit communicable diseases. In this case, Stanley did not object to Sergeant Gagnon's testimony to this effect. Thus, his testimony was in evidence and could be considered by the jury. Any further challenges to Sergeant Gagnon's testimony go to weight and not admissibility. From this evidence, a jury could find that Sergeant Gagnon was placed in apprehension of harm and that his apprehension was reasonable.

Stanley argues that there is no evidence that his spit was directed at a sensitive area. Both officers testified that Stanley spit at them, and they had to take evasive steps to avoid being hit. Stanley also argues that there is no evidence that his saliva contained a communicable disease. However, for purposes of assault under the apprehension prong, it is not necessary to show that Stanley was actually capable of transmitting a disease. *Music*, 40 Wn. App. at 432.

When considered in a light most favorable to the State, the evidence is sufficient to show that Stanley placed Sergeant Gagnon in reasonable apprehension of bodily harm by spitting at him.

Stanley raises several additional issues in his statement of additional grounds, all of them without merit or beyond the record on appeal. Stanley contends that his trial

counsel was constitutionally ineffective for failing to make objections, failing to call his father as a witness, and discouraging Stanley from testifying on his own behalf. Stanley does not articulate which objections his attorney failed to make that would constitute deficient performance and prejudice. *See State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (defendant claiming ineffective assistance of counsel has the burden of proving counsel was deficient and deficiency caused prejudice). The other two claims rely on facts outside the record and cannot be resolved on direct appeal. *See State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013) (Issues that turn on facts outside the record on appeal cannot be resolved in the direct appeal and are properly raised through a personal restraint petition, where they must be supported by admissible evidence.).

Stanley also challenges the prosecutor's authority to amend the information to add felony charges when he was initially charged with a misdemeanor in district court. He contends generally that the prosecutor was prejudiced against him. Stanley does not articulate grounds for reversal on any of these issues. While references to the record and citations to authority are not necessary in a statement of additional grounds, we will not review an alleged error if the statement does not inform the court of the nature and occurrence of the alleged error. RAP 10.10(c).

Stanley challenges his standard-range sentence but does not articulate an exception to the general rule that standard-range sentences cannot be appealed. RCW 9.94A.585(1).

Finally, Stanley contends that it took three months to bring him to trial and he did not sign a speedy trial waiver. It is not clear if Stanley raised a speedy trial objection below, but regardless the record on appeal is insufficient for us to review this alleged error. RAP 2.5(a).

Affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____       _____
Siddoway, C.J.                         Pennell, J.