# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59438-2-II |
| Respondent, | |
| v. | |
| SAMMUEL BERNARD MILLER, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—A jury found Sammuel Miller guilty of third degree assault for spitting on Officer Kayla Dragt as she was helping to handcuff him. The jury heard Officer Dragt's testimony that Miller spat in her face after being warned not to do so, that the spit covered her face and glasses, and that she took steps to prevent him from spitting in her face again. Officer Dragt also described the reasons why she generally avoided being spit on by strangers. Miller has never denied spitting on Officer Dragt.

Miller appeals, arguing that the jury's verdict is unsupported by substantial evidence because Officer Dragt did not specifically testify that she was personally offended when Miller spat on her. But the jury could infer, based on Officer Dragt's testimony and the jury's common sense and experience, that the spitting was offensive. We affirm.

FACTS

I. BACKGROUND

Police contacted Miller while investigating a reported robbery at a Lakewood transit station. Miller was "agitated" so the officers waited until backup arrived and then detained Miller for investigation. 2 Verbatim Rep. of Proc. (VRP) at 84. The officers had difficulty placing Miller in handcuffs.

Officer Kayla Dragt responded to help the officers who were trying to handcuff Miller. While Miller was being handcuffed he was yelling, causing saliva to spray onto Officer Dragt. Officer Dragt told Miller, "'Hey, don't spit on me.'" 2 VRP at 98. Miller then "cocked his head back," "cleared his throat," and spit on Officer Dragt's face. *Id.* Miller's saliva was all over her face and it covered her glasses so she could no longer see. To prevent Miller from spitting on her again, Officer Dragt covered Miller's face—first with his hat, and then with a breathable mask called a "'spit sock'" designed to block spitting. 2 VRP at 102.

Miller was arrested and charged with third degree assault of a law enforcement officer under RCW 9A.36.031(1)(g).[1]

II. JURY TRIAL

Miller's case proceeded to a jury trial and Officer Dragt testified about the spitting incident as described above. She described having saliva "all over [her] face" and covering her glasses. 2

---

[1] We cite the current version of RCW 9A.36.031 because recent amendments do not impact our analysis. *Compare* RCW 9A.36.031 *to* former 9A.36.031 (2013). Miller was also charged with first degree theft, but the theft charge was dismissed without prejudice on the State's motion because the State was unable to locate the alleged victim. The theft charge is not at issue in this appeal.

VRP at 98. She explained the steps she took to avoid being spat on again. The jury also saw body camera video of the incident.

Officer Dragt testified about why she wanted to avoid contact with strangers' bodily fluids. Although she had been spat on before, she explained that she could not "know what's inside of that saliva." 2 VRP at 95. She knew bodily fluids could transmit diseases.

Miller testified in his defense and did not deny spitting on Officer Dragt, but said the spitting was unintentional.

The jury was instructed:

> An assault is an intentional touching or striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.

Clerk's Papers (CP) at 54. The jury was also instructed that "'circumstantial evidence' refers to evidence from which, based on your common sense and experience, you may reasonably infer something that is at issue in this case." CP at 52. The jury was also instructed that "[t]he law does not distinguish between direct and circumstantial evidence in terms of their weight or value in finding the facts in this case. One is not necessarily more or less valuable than the other." *Id.* Miller did not object to the instructions.

In his closing argument, Miller argued that the State failed to meet its burden to show that the spitting was offensive. Miller argued that on-duty police officers were "not your average person" and asked the jury to consider whether Officer Dragt was "unduly sensitive" for her job. 2 VRP at 122-23. The State countered by arguing that the jury was instructed to rely on its "'common sense and experience'" and that the "'harmful or offensive'" standard referred to an "'ordinary person,'" not an officer. 2 VRP at 127-28.

3

The jury returned a guilty verdict and Miller was sentenced to three months confinement and 12 months community custody.

Miller now appeals.

ANALYSIS

Miller argues that there was insufficient evidence to support his conviction because the State failed to prove that Miller's spitting at Officer Dragt was offensive or done with unlawful force. The State responds that the jury had evidence sufficient to infer, based on common sense and experience, that both requirements were satisfied. We agree with the State.

In a challenge to the sufficiency of the evidence, our review is "highly deferential to the jury's decision." *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014) (plurality opinion). We ask whether, taking the State's evidence as true and drawing all reasonable inferences in the State's favor, "any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "Circumstantial evidence and direct evidence are equally reliable." *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

A person is guilty of third degree assault of a law enforcement officer when the individual "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). Because "'assault'" is not statutorily defined, common law definitions are used to "elaborate upon and clarify" the term as it is used in the charging statute. *State v. Smith*, 159 Wn.2d 778, 786, 154 P.3d 873 (2007). The relevant definition here is assault by actual battery: "an intentional touching or

4

striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person." CP at 54; *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017). The jury was instructed on this definition verbatim.

A touching is "'offensive'" if it would offend an ordinary person who is not unduly sensitive. *Cardenas-Flores*, 189 Wn.2d at 268 (quoting record). Spitting on another person without their consent is an unlawful touching and can constitute an assault when it is offensive. *State v. Jackson*, 145 Wn. App. 814, 820-21, 187 P.3d 321 (2008) (collecting cases) ("[F]or over three centuries, the common law has considered the projection of one's bodily fluid onto another a touching sufficient to support a criminal conviction."); *State v. Hall*, 104 Wn. App. 56, 64, 14 P.3d 884 (2000); *State v. Humphries*, 21 Wn. App. 405, 409, 586 P.2d 130 (1978).

Miller argues that there is insufficient evidence to support his conviction because Officer Dragt did not testify that she was personally offended when he spat on her face. Miller acknowledges that Officer Dragt warned him not to spit on her, but contends that her comments were insufficient because they were made before the intentional spitting that was the basis for his conviction. In Miller's view, Officer Dragt needed to testify about her subjective reaction to the intentional spitting incident, rather than about spitting generally or about the unintentional previous spitting. But the jury had to consider whether an *ordinary person* in these circumstances would find the touching offensive.

Moreover, "[d]irect evidence is not required to uphold a jury's verdict; circumstantial evidence can be sufficient." *State v. O'Neal*, 159 Wn.2d 500, 506, 150 P.3d 1121 (2007). The jury could infer from Officer Dragt's testimony that under the circumstances an ordinary person would be offended. The parties agree that Miller spat on Officer Dragt's face, and that Officer Dragt did

not consent to the spitting. Officer Dragt described warning Miller not to spit on her, that he did so anyway, and that her glasses were covered in saliva so badly she could not see out of them. Officer Dragt also testified that she took steps to prevent further spitting afterwards. And she explained the reasons why she did not want to be in contact with a stranger's saliva. A rational jury could certainly have found that this spitting would offend an ordinary person who is not unduly sensitive.

Finally, Miller also very briefly argues that there was insufficient evidence that he acted with unlawful force. But he fails to adequately support this argument. Miller cites to *State v. Houston Sconiers,* 188 Wn.2d 1, 391 P.3d 409 (2017), but that case addressed the sufficiency of the evidence that the victim experienced reasonable apprehension and fear of imminent bodily injury. *Id.* at 14-15. That case does not address sufficiency of the evidence of unlawful force. *See id.* Here, Miller has not adequately explained how the testimony establishing that he forcefully spit saliva into an officer's face was insufficient to show both unlawfulness and force. This argument also fails.

We conclude that the State presented sufficient evidence to support Miller's conviction.

CONCLUSION

We affirm.

59438-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

PRICE, J.

7